[Civ. No. 45736. First Dist.. Div. Two. Apr. 4. 1979.]

NORTHERN INSURANCE COMPANY OF NEW YORK,
Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
J. PAUL SHIVELY, INC., et al., Real Parties in Interest.

542

## COUNSEL

Bronson, Bronson & McKinnon and Grant P. Dubois for Petitioner.

No appearance for Respondent.

Glynn, Harvey & McIntosh, Robert J. Glynn, Jr., and Elizabeth Greene for Real Parties in Interest.

## OPINION

**KANE, J.**—Petitioner, defendant in an action for declaratory relief, seeks a writ of mandate to compel respondent court to set aside its order denying petitioner's motion for summary judgment and to enter judgment in its favor. ■ Petitioner contends there are no triable issues of fact and it is entitled to judgment as a matter of law. We agree.

The record shows that on July 8, 1977, real parties in interest commenced an action in declaratory relief against petitioner (action No. 725-362) alleging that by reason of its written, comprehensive, general liability insurance policy issued and delivered to real party Shively,

petitioner was obligated to defend and indemnify real parties against an action for damages instituted against them on May 9, 1977, by Wazina and Mahmoud Jaber (action No. 722748), but that petitioner, although notified of the claim, had refused to defend.

An examination of the Jaber complaint reveals the following: Wazina Jaber was a patient at the medical offices of defendant Shively and was to have an examination at said offices for her pregnancy condition on March 21, 1977, but "That at said time and place, the defendants SHEILA LEHRMAN and DOES I and II, and each of them, so negligently performed their aforesaid functions at said offices so as to cause plaintiff WAZINA JABER to be confused with another female patient, and to confuse the medical charts of said patients, thereby causing plaintiff WAZINA JABER to undergo a medical procedure (e.g., an abortion) which she was not to receive and which was unnecessary and injurious to her and destructive of the fetus of plaintiff, WAZINA JABER." Mahmoud Jaber alleged he sustained injury as a result of emotional distress caused by observing the acts performed upon his wife.

On September 12, 1978, petitioner moved for summary judgment in the declaratory relief action, contending that the undisputed facts showed that the injury to Mrs. Jaber occurred as the result of the rendering, or failure to render, a professional service, and that the comprehensive general liability insurance policy contained a professional liability exclusion endorsement which precluded coverage for the acts alleged in the Jaber complaint.

Attached to petitioner's motion for summary judgment was a copy of the comprehensive general liability insurance policy No. SM 46594298 issued to the Shively firm for the period which encompasses the date of the injury alleged by Mrs. Jaber. The policy bears the following exclusion endorsement: "It is agreed that with respect to any operation described above or designated in the policy as subject to this endorsement *the insurance does not apply to bodily injury* or property damage *due to the rendering of or failure to render any professional service.*" (Italics added.) Also attached to petitioner's motion was a copy of Dr. Abramson's deposition in which the following question was asked and answered: "Q. It is your responsibility as a doctor to make sure that you operate on the right patient, isn't it? A. Yes."

In *Antles* v. *Aetna Casualty & Surety Co.* (1963) 221 Cal.App.2d 438 [34 Cal.Rptr. 508], the court construed a malpractice exclusion endorsement in a chiropractor's comprehensive liability policy, which, as in the present

case, excluded injuries due to " 'the rendering of or failure to render any professional service.' " (P. 439.) In *Antles,* the plaintiff suffered burns when a heat lamp used in treatment became detached from the wall, fell on the treatment table and burned the patient's back. The chiropractor argued that the proximate cause of the injury, the defective attachment of the lamp, was a mechanical act and not a professional service. The court rejected that argument, holding that since the lamp was being used in the rendition of the professional service at the time the injury occurred, the clear-cut exclusion of the policy applied. In short, the court ruled that the crucial factor was whether the injuries occurred *during the performance of professional services.* (Pp. 442-443.)

In the case at bench, real parties argue that coverage exists under the premises liability portion of the policy because the injury resulted from an "administrative" error rather than from professional negligence. They contend that the tortious conduct was that of Lehrman, the clerical employee of Shively, who mistook Jaber for another patient and directed Jaber to the treatment room where Dr. Abramson mistakenly performed the abortion.

We view the uncontroverted facts of this case as presenting an even stronger basis for upholding the exclusion than *Antles.* It is beyond dispute that a physician has the professional duty to correctly identify a surgical patient before undertaking a particular procedure. The fact that the physician utilizes the assistance of a nonphysician in the performance of that duty cannot alter the professional nature of that nondelegable duty. The ultimate and unassailable fact is that in the case at bench, the injury caused to Mrs. Jaber occurred during, and as a direct result of the performance of professional services.

The conclusion, therefore, is inescapable that the exclusion in petitioner's policy is applicable, absolving petitioner from any obligation to defend and/or indemnify real parties in interest with respect to the Jaber claims.

Let a peremptory writ of mandate issue.

Taylor, P. J., and Rouse, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied May 30, 1979.