983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIRST CALIFORNIA BANK, formerly, known as First La Mesa
Bank, Plaintiff-Appellant,
v.
FEDERAL INSURANCE COMPANY, Defendant-Appellee.
 No. 90-56117.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Jan. 10, 1992.
Submitted Jan. 17, 1992.
Decided Dec. 30, 1992.
 
 Before POOLE, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 First California Bank, formerly known as First La Mesa Bank, ("FCB") appeals the district court's grant of summary judgment in favor of Federal Insurance Company ("Federal"). FCB claims that under its general liability and commercial excess (umbrella) policies, Federal had a duty to defend FCB in an action against it by its customers alleging, among other things, negligence, conversion, and interference with prospective advantage. We affirm.
 
 
 3
 * On June 4, 1988, Federal issued general liability and commercial excess policies to FCB providing a $1 million limit of coverage for bodily injury, property damage, and personal and advertising injury. Each policy had an exclusion for coverage for bodily injury, property damage, personal injury or advertising injury arising out of, among other things, the rendering or failure to render professional services in:
 
 
 4
 (e) conducting an investment, leasing, loan or real estate department or operation;
 
 
 5
 On October 18, 1988, Ronald and Carol Kutchas and their company, Circle Electric Corp., filed suit against FCB and two of its officers, alleging that FCB wrongfully foreclosed on real property and offset deposit accounts pledged by the Kutchas as collateral for a business loan. The Kutchas also alleged that FCB falsely represented to their creditors that they were insolvent. The causes of actions in the Kutchas' complaint were for breach of contract, breach of implied covenant of good faith and fair dealing, negligence, conversion, intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with prospective advantage, dishonor of checks, and declaratory and injunctive relief to keep FCB from foreclosing on their dwelling. FCB later settled with the Kutchas.
 
 
 6
 FCB tendered this claim to Federal, which declined to defend because of the professional services exclusion in FCB's policies. FCB subsequently filed suit against Federal. On cross-motions for summary judgment and partial summary judgment, the district court held that the professional services exclusion was not ambiguous and, alternatively, that the definition of professional services under California case law as "activity done for remuneration as opposed to a mere pastime" would include FCB's activities as those for which coverage was not provided under the exclusion provision. The district court also held that the policy in any event would only cover emotional distress arising out of bodily injury, sickness or disease and that FCB had not shown how the facts alleged in the complaint could support a defamation claim.
 
 II
 
 7
 This court reviews the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 8
 While the duty to defend is broader than the duty to indemnify, Gray v. Zurich Insurance Co., 65 Cal.2d 263, 275-76 (1966), the insurer has no duty to defend the insured against a loss not potentially within the coverage of the policy. Dyer v. Northbrook Property & Casualty Insurance Co., 210 Cal.App.3d 1540, 1547 (Cal.Ct.App.1989). The burden is on the insured to prove that a claim is covered under the policy. Royal Globe Insurance Company v. Whitaker, 181 Cal.App.3d 532, 537 (Cal.Ct.App.1986).
 
 
 9
 FCB argues that a potential for coverage, and thus a duty to defend, existed under both the general liability and commercial excess umbrella policies[1] issued by Federal because the professional services exclusion was inapplicable and ambiguous, and facts underlying the Kutchas' allegations would have supported causes of action for defamation, wrongful eviction, conversion, and emotional distress, which FCB claims were covered under the terms of the policies.
 
 
 10
 The effect of an exclusionary clause must be conspicuous, plain and clear. Gray, 65 Cal.2d at 273. The existence of ambiguity in an insurance contract is a question of law. Delgado v. Heritage Life Insurance, 157 Cal.App.3d 262, 270 (Cal.Ct.App.1984). While ambiguity in an exclusionary clause will be interpreted against the insurer, CNA Casualty, 176 Cal.App.3d at 614, the ambiguity cannot be a result of a strained reading of the policy. Hollingsworth v. Commercial Union Insurance Company, 208 Cal.App.3d 800, 805 (Cal.Ct.App.1989). Ambiguity only exists when there are two or more reasonable constructions of a provision. Delgado, 157 Cal.App.3d at 271.
 
 
 11
 The professional services exclusion vitiated any duty to defend, as FCB's damages resulted from "rendering ... professional services." The exclusion is plainly broad, excluding "bodily injury, property damage, personal injury, or advertising injury arising out of the rendering or failure to render professional services ... in conduction an investment, leasing, loan or real estate department or operation." The professional service of providing loans is not limited solely to disbursement, since there are post-disbursement transactions which can arise from the relationship which would not necessarily benefit the customer, such as credit reports, and which are part of the loan service process (collection) and operation of a loan department. In Hollingsworth, the California Court of Appeal defined "professional services" as "an activity done for remuneration as distinguished from a mere pastime." Id. at 807 (citations omitted). As such, ear piercing by a cosmetics store was found to fall within the insurer's policy exclusion for "bodily injury or property damage due to providing of, or failure to provide, any professional service." Id. at 803. Clearly, FCB's provision of credit and subsequent acts to insure repayment were activities done for remuneration. Similarly, California courts have held that if the injury occurred during the performance of professional services, such an exclusion would apply. Northern Insurance Company v. Superior Court, 91 Cal.App.3d 541, 544 (Cal.Ct.App.1979) (claim caused by administrative confusion of patients resulting in mistakenly performed abortion properly excluded under doctor's general liability policy); Antles v. Aetna Casualty and Surety Co., 221 Cal.App.2d 438, 442-43 (Cal.Ct.App.1963) (patient's injury due to burns caused by chiropractor's falling heat lamp occurred during provision of doctor's professional service and fell under exclusion). As such, FCB's claim falls squarely under the professional services exclusion. Summary judgment was properly granted.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The commercial excess umbrella policy incorporated substantially the same liability and exclusion provisions as the general liability policy