Mary YEE, Appellant,

v.

William W. ROBERTS, III, D.M.D., and Roberts & DeMarsche, Appellee

Superior Court of Pennsylvania.

Argued April 27, 2005.
Filed June 29, 2005.

Tsiwen M. Law, Philadelphia, for appellant.

Thomas A. McCormack, Philadelphia, for appellee.

Before: LALLY–GREEN, J., PANELLA, J., and McEWEN, P.J.E.

OPINION BY McEWEN, P.J.E.:

¶ 1 This appeal has been taken from the order which denied the petition of appellant, Mary Yee, to open the judgment of non pros that had been entered against her, pursuant to Pa.R.C.P. 1042.6, upon the praecipe of appellees, William W. Roberts, III, D.M.D., and the partnership of Roberts and DeMarsche, due to her failure to timely file a certificate of merit. We affirm.

¶ 2 The distinguished Judge Annette M. Rizzo has provided a succinct summary of the relevant procedural history of this litigation:

> Plaintiff commenced this dental malpractice action on February 19, 2004, against her dentist, William W. Roberts, III, D.M.D., and his practice, Roberts & DeMarsche (together "Defendants"). Plaintiff claims that [on February 22, 2002] Defendants' employee (named Shareen) negligently caused an acid-based etching solution to spill on Plaintiff's face resulting in chemical burns. Defendants filed preliminary objections, to which Plaintiff responded by filing an Amended Complaint (the "Complaint").
>
> On April 20, 2004, Defendants filed a Praecipe for Entry of Judgment of Non Pros for Plaintiff's failure to timely file a Certificate of Merit in violation of Pa. R.C.P. 1042.3 (the Judgment of Non Pros was entered one day after the Certificate of Merit was due to be filed). Plaintiff filed the Certificate of Merit *on the same day*, hours after the Judgment of Non Pros was entered. Plaintiff timely filed the Petition on April [30], 2004.

This Court denied the Petition, determining that Plaintiff's failure to timely file the Certificate of Merit, together with her failure to timely request an extension to do so pursuant to Pa.R.C.P. 1042.3(d) put forth no basis to open the Judgment of Non Pros.

¶ 3 Appellant, in this appeal seeking relief from the judgment of non pros, contends that:

1. The Court erred in finding that Pa. R.C.P. 3051 did not apply to the Appellant's Petition to Open;

2. The Court erred in finding that the Appellant lacked a reasonable explanation or legitimate excuse for the inactivity or delay in filing the Certificate of Merit; and

3. The Court erred in finding that the Appellant's second count on general negligence in her Complaint against Roberts and DeMarsche was covered by Pa. R.C.P. 1042.3.[1]

█ ¶ 4 As this Court has previously determined, contrary to the conclusion of the trial court, that Rule 3051[2] is applicable in proceedings to open a judgment of non pros entered pursuant to Rule 1042.6, this contention of appellant is meritorious. *Hoover v. Davila,* 862 A.2d 591, 595 (Pa.Super.2004).[3] Since the trial court, nonetheless, proceeded to analyze whether appellant had presented a reasonable explanation or legitimate excuse for her failure to file the certificate of merit or a request for an extension to time within the time period provided by Rule 1042.3(a), a remand for application of Rule 3051 is not required.

█ ¶ 5 Appellant claims that her delay in filing the certificate of merit should be excused because appellees filed preliminary objections challenging the lack of specificity in her complaint, which necessitated the filing of an amended complaint on April 2, 2004. Appellant has presented in the brief submitted to this Court the following "justification" for her failure to timely file the certificate of merit:

The lack of specified contentions raised concerns that required further clarification with the expert witness over his opinions, depending upon the water pressure used in the wand on the day of the accident. The plaintiff's expert report finally became available on April 19,

---

**1.** Appellant also contends that the trial court incorrectly concluded that she had waived her third allegation of error. As we have elected to address this issue, we need not review this claim.

**2.** Pa.R.C.P. 3051 provides:

**Rule 3051. Relief from Judgment of Non Pros**

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action. Pa.R.C.P. 3051.

**3.** We note that the Pennsylvania Supreme Court granted allocatur in *Womer v. Hilliker,* 860 A.2d 1144 (Pa.Super.2004) (unpublished memorandum), *appeal granted,* —— Pa. ——, 869 A.2d 482 (2005), limited to the question of:

whether the Superior Court erred in finding that petitioner alleged sufficient facts to warrant opening the judgment of non pros, where respondent failed to comply with the certificate of merit requirement set forth in Pa.R.C.P. 1042.3. In addressing this issue, the parties shall also address the question of whether Rule 1042.3 should be deemed subject to equitable exceptions.

2004 and a Certificate of Merit was prepared [and mailed]. ... As a result of Defendants' Preliminary Objections, the appellant's expert was denied the full 60 days to actually prepare a foundation for her Certificate of Merit. Instead, time was expanded to address the allegations contained in the Preliminary Objections. The Preliminary Objections should have tolled the time for filing the Certificate of Merit.

Plaintiff's brief at p. 9.

¶ 6 The trial court concluded that this explanation does not present a legitimate excuse requiring the opening of the judgment of non pros. When this Court reviews such rulings of the trial court, we may reverse the decision of the trial court only if we find that the trial court abused its discretion in reaching its determination. *Sklar v. Harleysville Insurance Co.,* 526 Pa. 617, 619, 587 A.2d 1386, 1387 (1991); *Hoover v. Davila, supra,* 862 A.2d at 593; *Parkway Corp. v. Edelstein,* 861 A.2d 264, 266 (Pa.Super.2004).

¶ 7 Rules 1042.1 through 1042.8 of the Pennsylvania Rules of Civil Procedure contemplate that a certificate of merit will be filed contemporaneously with or shortly after the filing of the complaint, and provide a 60–day window after the filing of the complaint to accomplish the filing of the certificate of merit. *See:* Pa.R.C.P. 1042.3(a). If, for a reason other than attorney inadvertence, a written statement from an appropriate licensed professional cannot be obtained within the 60–day window, Rule 1042.3(d) provides for a 60–day extension of time by the court upon "good cause shown."[4] The period within which the certificate of merit or request for ex-

tension of time must be filed runs, however, from the date of filing of the original complaint, regardless of the filing of preliminary objections or an amended complaint. *See: Hoover v. Davila, supra,* 862 A.2d at 594. In the instant case, the preliminary objections filed by appellees were not in any way relevant to the duty of appellant to obtain from an appropriate, licensed medical expert—prior to filing the complaint or within 60 days thereafter—a written statement that there "exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about ..." the injuries suffered by appellant. Pa.R.C.P. 1042.3(a)(1).

¶ 8 The trial court found that the excuse proffered by appellant, in light of her failure to seek an extension of time under Rule 1042.3(d), was insufficient to establish a "reasonable explanation" for the delay, and we find no basis in the record or the arguments of appellant to disturb that ruling. *See: Parkway Corp. v. Edelstein, supra,* 861 A.2d at 267–268.

¶ 9 Appellant next argues that the trial court erred in dismissing Count II of her complaint as it did not set forth a professional negligence claim requiring the filing of a certificate of merit but rather set forth only a general negligence claim based on principles of respondeat superior.

¶ 10 Count I of the complaint filed by appellant set forth a claim for professional negligence against appellee, William W. Roberts, III, D.M.D., and included therein

---

**4.** The Note to Rule 1042.3(d) provides, *inter alia:* "There is a basis for granting an extension of time within which to file the certificate of merit if counsel for the plaintiff was first contacted shortly before the statute of limita-

tions was about to expire, or if, despite diligent efforts by counsel, records necessary to review the validity of the claim are not available."

the language required by Rule 1042.2(a). The second count contained the following allegations sounding in negligence against the appellee partnership Roberts and De-Marsche:

11. The negligence, carelessness and recklessness of the Defendant, Roberts & DeMarsche consisted, *inter alia*, of the following acts and omissions:

    (a) Failure to train and educate its employees, servants, agents, and representatives, particularly Shareen, in the proper safe operation of the water rinse hose equipment;

    (b) Failure to warn the Plaintiff of the hazards attendant to the rinsing of etching solutions with high pressure equipment;

    (c) Failure to properly supervise the employees, servants, workers, agents and representatives of Roberts & DeMarsche in the proper precautions and the exercise of due care to prevent injury to patients during treatment;

    (d) Failure to exercise reasonable care in the ownership, operation, maintenance, control of the high pressure water rinse equipment;

    (e) Failure, by and through its agents, servants, representatives, employees to operate the high pressure water rinse equipment in a safe and reasonable manner;

    (f) Failure to exercise due care under all the circumstances;

    (g) Permitting an employee, servant, representative or agent not familiar with the proper and safe operation of the high pressure water hose to operate the water rinse equipment in the treatment of a patient;

    (h) Such other negligence, carelessness, recklessness or other unreasonable conduct as discovery may reveal.[5]

12. Defendant, Roberts & DeMarsche is vicariously liable for the lack of due care by its employee, agent, or representative, Shareen.

¶ 11 We are not persuaded that Count II set forth a claim of ordinary negligence rather than a claim based on professional negligence, *i.e.*, that a licensed professional deviated from an accepted professional standard. While the language required by Rule 1042.2(a)[6] is not contained in Count II, and appellee Roberts & DeMarsche is identified only as a general partnership, we do not find the absence of the required language dispositive.[7]

¶ 12 Recently, this Court in *Grossman v. Barke*, 868 A.2d 561 (Pa.Super.2005) was required to determine whether a complaint filed by a plaintiff set forth claims premised upon medical negligence as opposed to ordinary negligence, and held:

5. Subparagraph (h) which was contained in the original complaint was omitted from the amended complaint.

6. Rule 1042.2(a) provides: "A complaint shall identify each defendant against whom the plaintiff is asserting a professional liability claim." Pa.R.C.P. 1042.2(a).

7. We are aware of the opinion of the Court of Common Pleas of Allegheny County in *Herr-*

*mann v. Pristine Pines of Franklin Park, Inc.*, 64 D. & C. 4th 14, 19–20 (2003), which reaches a contrary result, but we are not persuaded that the Supreme Court intended to require the filing of preliminary objections as a prerequisite to the filing of a praecipe for judgment of non pros in an action based on professional negligence where the plaintiff fails to timely file a certificate of merit.

Although the basic elements of both ordinary negligence and medical malpractice are the same, medical malpractice has distinguishing characteristics. Medical malpractice is further defined as the "unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood*, 824 A.2d at 1145. The underlying elements of negligence in a medical malpractice claim, mirroring those of a basic negligence claim, *see Estate of Swift*, 690 A.2d at 722, are more specifically described as a "duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm." *Toogood*, 824 A.2d at 1145 (quoting *Hightower–Warren v. Silk*, 548 Pa. 459, 698 A.2d 52, 54 (1997)).

One of the most distinguishing features of a medical malpractice suit is, in most cases, the need for expert testimony, which may be necessary to elucidate complex medical issues to a jury of laypersons. In other words, "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Id.*

*Grossman, supra* at 566. The *Grossman* Court, after analyzing cases from other jurisdictions, found that where a complaint is predicated upon facts constituting "medical treatment, that is, when it involves diagnosis, care and treatment by licensed professionals," *id.* at 569, *quoting Lee v. New York City Transit Authority*, 175 Misc.2d 632, 668 N.Y.S.2d 1014, 1015 (N.Y.Sup.Ct.1998), the action must be characterized as a professional negligence action. *Cf. Estate of Swift by Swift v. Northeastern Hospital of Philadelphia*, 456 Pa.Super. 330, 690 A.2d 719 (1997), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997) (complaint alleging bodily injury as a result of slip and fall in hospital bathroom immediately after discharge from hospital set forth claims for premises liability and not hospital malpractice).

¶ 13 Although arising in the context of an insurance coverage dispute, this Court recently addressed, in *American Rehabilitation and Physical Therapy, Inc. v. American Motorists Insurance Co.*, 829 A.2d 1173, 1177 (Pa.Super.2003), *reversed on other grounds*, 578 Pa. 154, 849 A.2d 1202 (2004), the question of whether "the hiring and supervising of employees to assist with the care of a physician's patients" constituted the provision of medical services. In concluding that it did, the Court again analyzed cases from other jurisdictions:

The issue of whether the hiring and supervision of employees to assist with the care of a physician's patients is a part of providing medical services has not previously been addressed by the courts of this jurisdiction. Therefore, we look to other jurisdictions which, although not binding, we find persuasive. The Supreme Court of New Mexico, in *Millers Casualty Ins. Co. of Texas v. Flores*, 117 N.M. 712, 876 P.2d 227 (1994), held that "[t]he hiring and supervision of employees to assist in giving care to [the physician's] patients constituted an integral part of providing medical services to these patients ... and [the physician's] failure to hire a competent assistant, as well as his failure to adequately train and supervise her, was a failure to render adequate medical services." *Flores*, 876 P.2d at 230 (citations

omitted).... Similarly, the California Court of Appeals, in *Northern Ins. Co. of N.Y. v. Superior Court,* 91 Cal.App.3d 541, 154 Cal.Rptr. 198 (1979), found

> that a physician has the professional duty to correctly identify a surgical patient before undertaking a particular procedure. The fact that the physician utilizes the assistance of a nonphysician in the performance of that duty cannot alter the professional nature of that nondelegable duty. The ultimate and unassailable fact is that in the case at bench, the injury caused to [the patient] occurred during, and as a direct result of the performance of professional services.

> \*      \*      \*      \*      \*      \*

*Northern Ins. Co. of N.Y.,* 91 Cal.App.3d at 544, 154 Cal.Rptr. 198.

In *Duncanville Diagnostic Center, Inc. v. Atlantic Lloyd's Ins. Co. of Texas,* 875 S.W.2d 788 (Tex.App.1994), a four-year-old child was taken to the Center for routine radiological examinations and was rendered unconscious after two technicians did not properly measure a dosage of chloral hydrate before giving it to the child. The child died later that day. The Texas Court of Appeals held that coverage was barred by a professional services policy exclusion, in that

> [the child's] death is directly attributable to the allegedly negligent providing of professional medical treatment or the failure to provide such treatment, not to the negligent performance of an administrative or ministerial task. To the extent the acts involved in this case did not require the exercise of professional medical judgment, the acts were nonetheless an intricate part of the professional medical services provided by the Center and fall within the professional services exclusion.

> \*      \*      \*      \*      \*      \*

> [The child's] death could not have resulted from the negligent hiring, training, and supervision or from the negligent failure to institute adequate policies and procedures without the negligent rendering of professional medical services. The negligent acts and omissions were not independent and mutually exclusive; rather, they were related and interdependent. Therefore, the professional services exclusion operated to exclude coverage not only for the claims of negligence in rendering the professional services but also for the related allegations of negligent hiring, training, and supervision and negligent failure to establish adequate policies and procedures.

> *Id.* at 791–792 (citations omitted).

In conformity with the rationale of these cases which we find persuasive, we conclude that the training, supervising and monitoring of employees to assist with the care or treatment of a health care professional's patients is an integral part of providing such professional's service. As such, they are excluded from coverage under the "professional services" exclusion.

*American Rehabilitation and Physical Therapy, Inc. v. American Motorists Insurance Co., supra,* 829 A.2d at 1177–1178.

¶ 14 Despite the fervent argument of appellant, we are of the mind that the second count of the complaint filed by appellant Yee clearly seeks damages for negligence arising in the context of professional dental treatment, and, as such, requires expert testimony to establish both the standard of care in the use of dental etching solutions and high pressure water wands, as well as the standard of care

applicable to the training and supervision of dental technicians.[8]

¶ 15 As a professional partnership, appellee Roberts and DeMarsche could be directly liable for its failure to properly train and supervise its employees, *see: Heller v. Patwil Homes, Inc.,* 713 A.2d 105, 109 (Pa.Super.1998), or could be vicariously liable for negligent acts committed by its employees within the course and scope of their duties. *See: Sutherland v. Monongahela Valley Hospital,* 856 A.2d 55, 62 (Pa.Super.2004). The amended complaint filed by appellant appears to have set forth both of these causes of action in a single count of that pleading. *Cf.* Pa.R.C.P. 1020(1); *Bartanus v. Lis,* 332 Pa.Super. 48, 480 A.2d 1178, 1182 (1984). However, expert testimony would be required to establish (1) the standard of care applicable to the use of etching solutions and high power wands, as well as (2) the standard of care for the training and supervision of dental technicians using such instruments.

¶ 16 Thus, we conclude that a certificate of merit was also required to be filed as to appellee Roberts and DeMarsche[9] as at least some of the allegations of Count II set forth allegations of professional negligence. Thus, the claim of appellant that the non pros was improperly entered as to Count II of the complaint must be rejected.

¶ 17 Order affirmed.

---

**8.** It merits mention that Rules 1042.1–1042.8 bear substantial similarity to the New Jersey affidavit of merit statute, N.J. Stat. Ann. §§ 2A:53A–26 to 29 (2004), which requires an affidavit of merit to be filed "in any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation...." N.J.S.A. §§ 2A:53A–27. Failure to file an affidavit by a licensed professional which attests to a deviation from the standard of care by the defendant results in a dismissal with prejudice unless extraordinary circumstances are established, under the New Jersey statute.

*See: Tischler v. Watts,* 177 N.J. 243, 827 A.2d 1036 (2003); *Alan J. Cornblatt, P.A. v. Barow,* 153 N.J. 218, 708 A.2d 401 (1998).

**9.** We are aware of the *ober dicta* in *Olshan v. Tenet Health System,* 849 A.2d 1214, 1218 (Pa.Super.2004), *appeal denied,* —— Pa. ——, 864 A.2d 530 (2004), but view as controlling the express provisions of the Rules of Civil Procedure as well as the provisions of the Medical Care Availability and Reduction of Error (MCARE) Act, Act of March 20, 2002, P.L. 154, No. 13; 40 P.S. §§ 1303.101–1303.910.