Nancy GONDEK, Appellant

v.

BIO–MEDICAL APPLICATIONS OF PENNSYLVANIA, INC. d/b/a/ Bio–Medical Applications of Carbon County and Donna L. Fritchey, as the Legal Representative of the Estate of Kermit K. Wagner, Deceased.

Superior Court of Pennsylvania.

Argued Nov. 14, 2006.

Filed March 5, 2007.

Charles S. Silver, Doylestown, for appellant.

Thomas Finarelli, Philadelphia, for Bio-Medical, appellee.

BEFORE: STEVENS, KLEIN, and PANELLA, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Nancy Gondek, appeals from the order entered on April 21, 2006, by the Honorable Jeffrey L. Finley, Court of Common Pleas of Bucks County, which denied her petition to open the judgment of *non pros* entered in favor of Appellee, Bio–Medical Applications of Pennsylvania, Inc. d/b/a BioMedical Applications of Carbon County ("Bio–Medical").[1] After careful review, we affirm.

¶ 2 On September 11, 2003, Gondek accompanied Kermit Wagner to his dialysis treatment at Bio–Medical's facility in Lehighton. After receiving his dialysis treatment, Wagner drove Gondek to a restaurant where the pair ate lunch. Thereafter, Wagner was driving Gondek in his vehicle when he lost control of the vehicle, crossed over the opposing lane of traffic, and struck two retaining walls. As a result of the accident, Gondek sustained injuries which required her to be transported by helicopter to Lehigh Valley Hospital where she underwent emergency surgery.

¶ 3 On May 12, 2005, Gondek filed suit against Bio–Medical and Donna Fritchey, the legal representative of Wagner's estate.[2] Gondek's complaint alleged one count of negligence against Bio–Medical. Specifically, the complaint contains the following allegations of negligence:

> 25. It is believed and therefore averred that Kermit K. Wagner was incapable of safely operating his automobile after and as a result of his dialysis treatment on September 11, 2003 and that the defendant, BMA Carbon County was negligent in that it knew or should have known that and:
>
> (a) Defendant BMA Carbon County failed to adequately monitor Kermit K. Wagner's physical condition;
>
> (b) Defendant BMA Carbon County failed to warn Kermit K. Wagner of the challenges in operating a motor vehicle after dialysis treatment;
>
> (c) Defendant BMA Carbon County failed to warn Kermit K. Wagner about the risks inherent in consuming food shortly after dialysis treatment; and,
>
> (d) Defendant BMA Carbon County released Kermit K. Wagner from their care on September 11, 2003 when he was

---

1. Donna Fritchey has not participated in this appeal other than filing a letter in which she notes that she "joins in the position of Bio–Medical with respect to [Gondek's] Appeal." Co–Defendant Donna L. Fritchey's Submission with Respect to Appellant's Appeal, 9/29/06. We note that Fritchey remains as a defendant in this litigation, but that this appeal is proper as an interlocutory appeal of right pursuant to Pa.R.A.P., Rule 311(a)(1), 42 Pa. Cons.Stat.Ann.

2. Wagner passed away in 2004.

not capable of safely operating his automobile.

Complaint, 5/12/05, at ¶ 25(a)-(d).

¶ 4 On June 16, 2005, Bio–Medical filed an answer to the complaint in which they admitted that Wagner "received dialysis treatment at times" but denied the allegations of negligence. Answer, 6/16/05, at ¶ 25. On September 19, 2005, Bio–Medical filed a praecipe for entry of judgment of *non pros* pursuant to Pa.R.C.P., Rule 1042.6, 42 Pa. Cons. Stat.Ann. In the praecipe, Bio–Medical stated

> that ... [Gondek] ... has asserted a professional liability claim against the defendant which employs licensed professionals whose conduct is at issue, that no certificate of merit has been filed within the time required by Pa. R.C.P. 1042.3 and that there is no motion to extend the time for filing the certificate pending before the court.

Praecipe for Entry of Judgment of *Non Pros,* 9/19/05. The prothonotary duly entered, that same day, the judgment of *non pros.*

¶ 5 Subsequent thereto, on September 23, 2005, Gondek filed a petition to open the default judgment of *non pros* entered pursuant to Pa.R.C.P., Rule 1042.6, 42 Pa. Cons.Stat.Ann. In her petition, Gondek maintained that she sued Bio–Medical "as a defendant joint tort-feasor, not on the basis of a professional liability claim...." Petition to Open the Default Judgment of *Non Pros,* 9/23/05, at ¶ 4. Gondek also argued that Bio–Medical failed to comply with Pa.R.C.P., Rule 1042.2(b), 42 Pa. Cons. Stat.Ann., and that such failure precludes the utilization of the protection afforded

defendants by entry of *non pros* pursuant to Pa.R.C.P., Rule 1042.6, 42 Pa. Cons.Stat. Ann. Furthermore, Gondek argued that outstanding discovery requests "should ... determine[ ] if the respondent and its relevant employees fall within the scope of Pa.R.C.P. 1042.3." *Id.,* at ¶ 10.

¶ 6 On November 7, 2005, Bio–Medical filed a response to Gondek's petition to open the judgment of *non pros.* In the "new matter" of its response, Bio–Medical alleged that the services rendered at its facility on September 11, 2003, "were monitored by Susan Urban, a licensed professional nurse." Response to Petition to Open, 11/7/05, at ¶ 14. In support of its allegation regarding Urban, Bio–Medical attached the affidavit of Maribeth Huyett, Bio–Medical's clinical manager.[3]

¶ 7 On November 16, 2003, Gondek filed an answer to Bio–Medical's response to the petition to open in which she, *inter alia,* denied the allegations concerning the services rendered by Urban to Wagner. Thereafter, on April 21, 2006, the trial court entered an order denying Gondek's petition to open the judgment of *non pros.* This timely appeal followed.[4]

¶ 8 On appeal, Gondek raises only one issue for our review:

> Does Plaintiff's complaint exclusively allege a deviation from a professional standard of care by a licensed professional as contemplated by Pa.R.C.P., 1042.1 so as to warrant the entry of a default judgment of non pros?

> · · ·

Appellant's Brief, at 2.

▮▮▮▮ ¶ 9 Our standard of review is well-settled:

---

**3.** In the affidavit, Huyett states, *inter alia,* that "On September 11, 2003, the dialysis treatment of Mr. Wagner was monitored and evaluated by Susan Urban, a licensed professional nurse." Affidavit of Maribeth Huyett, dated 11/4/05, at ¶ 3.

**4.** Gondek filed her notice of appeal on May 22, 2006, but as May 21, 2006 was a Sunday the appeal is timely. *See* 1 Pa. Cons.Stat.Ann. § 1908, **Computation of time.**

A request to open a judgment of *non pros* is by way of grace and not of right and its grant or refusal is peculiarly a matter for the [trial] court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. *O'Hara v. Randall*, 879 A.2d 240, 243 (Pa.Super.2005) (citations omitted and brackets in original). A trial court abuses its discretion if it "renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or Ill-will." *Thomas Jefferson University v. Wapner*, 903 A.2d 565, 569 (Pa.Super.2006) (citation omitted).

¶ 10 Gondek argues that the trial court abused its discretion in failing to open the judgment of *non pros* as no certificate of merit is required. Our Rules of Civil Procedure contain specific provisions pertaining to a claim of negligence relating to the performance of a professional duty. See Pa.R.C.P., Rules 1042.1–1042.8, 42 PA. CONS.STAT. ANN.

¶ 11 The necessity of filing a certificate of merit is addressed in Rule 1042.3 as follows:

(a) *In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard,* the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such

conduct was a cause in bringing about the harm, or

. . .

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

. . .

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

. . .

Pa.R.C.P., Rule 1042.3(a)(1)-(3), 42 PA. CONS.STAT.ANN. (emphasis added). This rule applies to professional liability claims against licensed professionals, which include physicians and nurses. *See* Pa. R.C.P., Rule 1042.1(b)(1)(i), (vii), 42 PA. CONS.STAT.ANN. The rule mandates, as noted, that a certificate of merit must be filed within sixty days of filing the complaint. *See* Pa.R.C.P., Rule 1042.3(a), 42 PA. CONS.STAT.ANN. If a plaintiff fails to file a certificate of merit, the *rule provides* that "[t]he prothonotary, on praecipe of the defendant, shall enter a judgment of *non pros* against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate." Pa. R.C.P., Rule 1042.6(a), 42 PA. CONS.STAT. ANN.

¶ 12 Bio–Medical relied on Rule 1042.6 to enter the judgment of *non pros*. Prior to addressing the trial court's decision to enter the judgment of *non pros*, we must address Gondek's contention that Bio–Medical "should have filed preliminary objections to the format of the complaint." Appellant's Brief, at 9. Specifically, Gondek maintains that Bio–Medical's failure to

file preliminary objections pursuant to Pa. R.C.P., Rule 1042.2(b), 42 PA. CONS.STAT. ANN., results in the waiver of any objection to the certificate of merit requirement. *See id.*

¶ 13 Rule 1042.2(a) states the following:

(a) A complaint shall identify each defendant against whom the plaintiff is asserting a professional liability claim.

*Note:* It is recommended that the complaint read as follows:

"Defendant _____ (name) is a licensed professional with offices in _____ County, Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant."

Pa.R.C.P., Rule 1042.2(a), *Note*, 42 PA. CONS.STAT. ANN. Furthermore, Rule 1042.2(b) provides:

(b) A defendant *may* raise by preliminary objections the failure of the complaint to comply with subdivision (a) of this rule.

*Note:* The filing of preliminary objections raising failure of a pleading to conform to rule of court is the procedure for bringing before the court the issue whether the complaint is asserting a professional liability claim.

Pa.R.C.P., Rule 1042.2(b), *Note*, 42 PA. CONS.STAT. ANN. (emphasis added).

¶ 14 Gondek's complaint does not comply with Rule 1042.2(a), as it makes no reference to a professional liability action. Bio–Medical, however, did not file preliminary objections pursuant to Rule 1042.2(b); it simply moved for a judgment of *non pros* after waiting the requisite sixty days following the filing of the complaint. Our case law makes clear that the filing of preliminary objections under Rule 1042.2(b) is permissive, not mandatory, and the failure to file preliminary objections does not waive the right to file for a judgment of *non pros. See Varner v.*

*Classic Communities Corp.*, 890 A.2d 1068, 1077 (Pa.Super.2006); *Yee v. Roberts*, 878 A.2d 906, 910 (Pa.Super.2005), *appeal denied*, 587 Pa. 732, 901 A.2d 499 (2006). Accordingly, we proceed to address Gondek's argument that the trial court abused its discretion in refusing to open the judgment of *non pros.*

■ ¶ 15 Gondek maintains that she did not "allege that any licensed professional deviated from a professional standard of care. Rather, her allegations were essentially that the dialysis center permitted the driver to leave its facility when he was not capable of safely operating an automobile...." Appellant's Brief, at 6. Gondek describes the allegations of negligence as "ordinary negligence." *Id.*, at 9. The trial court, however, found that Gondek asserted a professional liability claim as "[a]ll of [her] allegations deal with [Bio–Medical's] failure to render proper professional care." Trial Court Opinion, 7/11/06, at 5. We agree.

■ ¶ 16 We ascertain the theory of liability, i.e., deviation from a professional standard of care or ordinary negligence, by examining the averments in the complaint. *See Ditch v. Waynesboro Hospital*, 917 A.2d 317, 321, 2007 WL 38387, *3 (Pa.Super.2007). "Such a review raises a question of law as to which our standard of review is *de novo* and our scope of review is plenary." *Id.* (internal quotation marks and citation omitted).

¶ 17 As mentioned, the allegations of negligence in the complaint are as follows:

25. It is believed and therefore averred that Kermit K. Wagner was incapable of safely operating his automobile after and as a result of his dialysis treatment on September 11, 2003 and that the defendant, BMA Carbon County was negligent in that it knew or should have known that and:

(a) Defendant BMA Carbon County failed to adequately monitor Kermit K. Wagner's physical condition;

(b) Defendant BMA Carbon County failed to warn Kermit K. Wagner of the challenges in operating a motor vehicle after dialysis treatment;

(c) Defendant BMA Carbon County failed to warn Kermit K. Wagner about the risks inherent in consuming food shortly after dialysis treatment; and,

(d) Defendant BMA Carbon County released Kermit K. Wagner from their care on September 11, 2003 when he was not capable of safely operating his automobile.

Complaint, 5/12/05, at ¶ 25(a)-(d).

¶ 18 The allegations of negligence in Gondek's complaint allege deviations from the pertinent professional standard. Gondek alleges in the complaint that the dialysis treatment offered was not within the appropriate standard of care. To wit, there was inadequate monitoring and warning associated with Wagner's care and dialysis treatment. In short, the negligence count against Bio–Medical alleges liability for (1) its failure to properly train and supervise its employees and (2) vicarious liability for the negligent actions of its employees. Both theories constitute causes of actions for which BioMedical could be held liable. *See Yee*, 878 A.2d at 914; *Sutherland v. Monongahela Valley Hospital*, 856 A.2d 55, 62 (Pa.Super.2004); *Valles v. Albert Einstein Medical Center*, 758 A.2d 1238, 1244 (Pa.Super.2000), *aff'd*, 569 Pa. 542, 805 A.2d 1232 (2002).

¶ 19 There is no question that expert testimony is required to establish:

- the duty owed to a dialysis patient,
- the standard of care with respect to the training and supervision of personnel who perform dialysis treatment,
- the standard applicable to such treatment, and
- the breach of those standards.

*See Hightower–Warren v. Silk*, 548 Pa. 459, 463, 698 A.2d 52, 54 (1997) (explaining necessity for expert testimony in medical negligence cases); *Yee*, 878 A.2d at 914 (explaining necessity for expert testimony as to the standard of care for the training and supervision of medical technicians).

¶ 20 Gondek argues that her complaint does not specifically identify any licensed professionals and, as such, we cannot construe the negligence count against Bio–Medical as a claim for professional liability as none of its agents are specifically identified as licensed professionals. Such an argument is specious. A reading of the count readily discloses that it is medical in nature, as discussed above, and is composed of allegations of obvious professional failings. As such, a valid interpretation of the negligence count is that it refers to licensed medical professionals as defined in Pa.R.C.P., Rule 1042.1(b)(1), 42 Pa. Cons. Stat. Ann. Moreover, we note that the supervision of employees to assist with the care of patients is a part of providing medical services. *See Yee*, 878 A.2d at 913–914.[5]

---

**5.** In *Yee*, President Judge Emeritus Stephen McEwen commented that the issue of *whether the hiring and supervision of employees to assist with the care of a physician's patients falls within the provision of medical services* had not yet been addressed by the courts of this Commonwealth. Judge McEwen then quoted from the California Court of Appeals in *Northern Ins. Co. of N.Y. v. Superior Court*, 91 Cal.App.3d 541, 154 Cal.Rptr. 198 (1979), which this Court found persuasive, although not binding, that

[t]he fact that the physician utilizes the assistance of a nonphysician in the performance of that duty cannot alter the professional nature of that nondelegable duty. The ultimate and unassailable fact is that in the case at bench, the injury caused to [the patient] occurred during, and as a direct

¶ 21 Lastly, we address Gondek's argument that a certificate of merit is not required as to a corporate entity. In support of her argument, Gondek cites *Olshan v. Tenet Health System City Avenue, LLC,* 849 A.2d 1214 (Pa.Super.2004), *appeal denied,* 581 Pa. 692, 864 A.2d 530 (2004), in which our esteemed colleague Judge Richard B. Klein wrote, in *dicta,* for the majority, that "no such certificate [of merit] is required for allegations made against the hospital or other corporate entity." *Id.,* at 1218. Judge Klein subsequently discussed his statement in *Olshan* as follows:

> The trial court referred to my opinion in *Olshan* ... where in *dicta* I stated that no certificate of merit was necessary for the hospital in that case. In *Olshan,* the plaintiff's claim against the hospital was for corporate liability. I did not mean to imply that no certificate of merit would be required for actions of a hospital's agents under a vicarious liability theory. In hindsight, it seems that I well might have been wrong that no certificate of merit is needed to show corporate liability. But since that statement would be *dicta* in this case, I best not go further to say whether a certificate of merit is or is not needed to support an allegation of corporate negligence.

*Kennedy v. Butler Memorial Hospital,* 901 A.2d 1042, 1046 n. 3 (Pa.Super.2006). *See also Yee,* 878 A.2d at 914 n. 9 (noting that statement regarding corporate entities in *Olshan* was dicta).

¶ 22 The statement made in *Olshan,* as *dicta,* offers no support to Gondek's argument. *See Valles,* 758 A.2d at 1246 (noting that "*dicta* does not constitute binding precedent"). In fact, this Court has held that certificates of merit are required for business entities. *See Varner v. Classic*

result of the performance of professional services.

*Communities Corp.,* 890 A.2d 1068, 1075 (Pa.Super.2006) (holding that claim that architectural firm was negligent required a certificate of merit for the corporation); *Yee,* 878 A.2d at 914 (holding that certificate of merit was required for dental practice). As such, under the facts and theories of this case, Gondek's argument lacks merit.

¶ 23 In summary, Gondek's negligence claim has its genesis in the administration and supervision of professional dialysis treatment. As Gondek alleges a claim of negligence in the performance of a professional duty and has failed to file a certificate of merit as mandated by Pa.R.C.P., Rule 1042.3, 42 PA. CONS.STAT.ANN., we find that the trial court did not abuse its discretion in entering an order denying the petition to open the judgment of *non pros.*

¶ 24 Order affirmed. Jurisdiction relinquished.