IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Wilson, : 
              Appellant : 
  : 
        v. : No. 409 C.D. 2024
  : Submitted: November 6, 2025
Vanessa Nicola, Dr. Trotta, Correct : 
Care Solutions, Theresa Delbalso, : 
and John Wetzel : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: December 10, 2025

John Wilson, pro se, appeals the January 10, 2024 Order of the Court of Common Pleas of Schuylkill County (trial court), which denied his Petition to Open and/or Strike Judgment of Non Pros (Petition). The trial court denied the Petition because Wilson did not file a certificate of merit with his Complaint pursuant to Pennsylvania Rule of Civil Procedure 1042.3, Pa.R.Civ.P. 1042.3. The trial court reasoned that Wilson needed to file a certificate of merit because the Complaint involves alleged negligent dental treatment, i.e., a medical malpractice issue. Wilson argues no certificate of merit is required because the Complaint alleges ordinary negligence—not medical professional negligence. After review, the Court affirms the Order because the Complaint sounds in professional liability and, thus, Wilson needed to file a certificate of merit pursuant to Rule 1042.3.

## I.    BACKGROUND

Wilson, an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy), commenced this civil action by filing a Complaint with the trial court in July 2020 against Vanessa Nicola, Dr. Trotta, Theresa Delbalso, and John Wetzel, employees of the Pennsylvania Department of Corrections (DOC Parties), and Correct Care Solutions, the health care provider at SCI-Mahanoy (collectively, Appellees).[1]  Therein, Wilson averred Appellees' deliberate indifference to provide him necessary dental treatment for known cavities for over a year caused him to lose three of his teeth.  Particularly, Wilson averred that as grievance officers for medical complaints at SCI-Mahanoy, Nicola and Wetzel's misfeasance and nonfeasance as to the grievance process contributed to the delay in dental treatment that caused his injuries.  Wilson also alleged that Dr. Trotta, a licensed dentist providing dental services for inmates at SCI-Mahanoy, acted negligently and wantonly in delaying the necessary dental treatment, causing his injuries.  Finally, Wilson averred that Correct Care Solutions' policies, practices, and/or customs permitted its agents and/or servants, such as Dr. Trotta, to delay necessary dental care, resulting in injuries such as his own.  Wilson did not allege a specific claim against Delbalso.

Simultaneously with the Complaint, Wilson filed a petition to proceed *in forma pauperis* (IFP).  By order dated September 8, 2020, the trial court granted Wilson IFP status (IFP Order).  Moreover, the trial court dismissed the Complaint with prejudice as it relates to Nicola, Delbalso, and Wetzel as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j), Pa.R.Civ.P. 240(j).  The trial court reasoned the Complaint is frivolous as to Nicola, Delbalso, and Wetzel because they

---

[1] Correct Care Solutions is the former name of Wellpath Holdings, Inc (Wellpath).  *Wilson v. Nicola* (Pa. Cmwlth., No. 409 C.D. 2024, filed Dec. 11, 2024) (per curiam order).  In keeping with the caption and the parties' briefs, we refer to Wellpath as Correct Care Solutions.

do not fall within the exception to sovereign immunity contained in Section 8522(b)(2) of the Judicial Code, 42 Pa.C.S. § 8552(b)(2), under which "Wilson has stated a claim for medical professional negligence." (IFP Opinion at 4-5.) Wilson has not challenged the IFP Order.

Without any action occurring in the case for over two years, the trial court ordered the parties to explain why it should not dismiss the matter in May 2023. In response, Wilson explained that he had not taken further action in the matter because he had not received an answer or another responsive filing to the Complaint. Wilson therefore requested that the trial court order Appellees to respond to the Complaint. Upon consideration of Wilson's response, the trial court instead ordered Wilson to serve the Complaint because the record showed he had not done so yet. In July 2023, Wilson requested that the prothonotary reinstate the Complaint and, subsequently, served the Complaint upon Appellees.

When Wilson served the Complaint, he did not file a certificate of merit in accordance with Rule 1042.3. After the time period to file a certificate of merit expired, Correct Care Solutions and the DOC Parties filed separate notices of their intent to seek a judgment of non pros against Wilson if he did not file a certificate of merit within 30 days pursuant to Pennsylvania Rules of Civil Procedure 1042.7 and 1042.12, Pa.R.Civ.P. 1042.7, 1042.12, respectively. Wilson did not file a certificate of merit in response. Consequently, Correct Care Solutions and the DOC Parties separately praeciped the prothonotary for the entry of a judgment of non pros against Wilson for failure to comply with Rule 1042.3. The prothonotary promptly entered a judgment of non pros against Wilson. In response, Wilson filed the Petition, asserting that the trial court should open and/or strike the judgment because he did not need to file a certificate of merit as "the gist of the allegations of the Complaint

is that [Appellees] failed to provide professional services to [alleviate his] dental pain for approximately one year." (Petition ¶¶ 7-8, 10.)

On January 10, 2024, the trial court denied the Petition with prejudice. In an accompanying opinion, the trial court first noted that the matter only involves Dr. Trotta and Correct Case Solutions because Nicola, Delbalso, and Wetzel were dismissed from the case by the IFP Order. Turning to the Petition, the trial court opined that Wilson "filed a claim for medical professional negligence within the exception to sovereign immunity in [Section 8521 of the Judicial Code,] 42 Pa.C.S. § 8521." (Order at 4.) Although Rule 1042.3 therefore required Wilson to file a certificate of merit, the trial court explained that Wilson did not "file a certificate of merit or written statement from an appropriate professional," or a "motion for determination that the filing of a certificate is not required or a request to extend the time to file the certificate." (*Id.*) Consequently, the trial court denied the Petition because, contrary to Wilson's assertions, the Complaint presented "a medical malpractice issue," which required a certificate of merit. (*Id.* at 5.)

Wilson now appeals the Order to this Court.[2]

---

[2] Initially, Wilson filed a Notice of Appeal with the Superior Court, which transferred the matter to this Court on April 12, 2024. On December 11, 2024, upon review of Correct Care Solutions' Suggestion of Bankruptcy and Notice of Stay, the Court stayed the matter pursuant to 11 U.S.C. § 362(a), which provides for automatic stays of actions against debtors. *Wilson v. Nicola* (Pa. Cmwlth., No. 409 C.D. 2024, filed Dec. 11, 2024) (per curiam order). The Court vacated the stay on July 14, 2025. *Wilson v. Nicola* (Pa. Cmwlth., No. 409 C.D. 2024, filed July 14, 2025) (per curiam order). With the stay vacated and briefing complete, the matter is now ripe for disposition.

## II. DISCUSSION[3]

To secure relief from a judgment of non pros, the plaintiff must file a petition "alleg[ing] facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and (3) there is a meritorious cause of action." Pennsylvania Rule of Civil Procedure 3051(b), Pa.R.Civ.P. 3051(b). On appeal, Wilson argues the trial court erred in denying the Petition because he was not required to file a certificate of merit under Rule 1042.3 as the Complaint sounds in ordinary negligence rather than professional negligence.[4] Thus, to determine whether the trial court erred in denying the Petition, the Court must examine the specific averments

---

[3] The Court's "review regarding the denial of a petition to open a judgment of non pros is whether the trial court abused its discretion." *Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 504 (Pa. 2009) (italics removed).

[4] Correct Care Solutions asserts that Wilson has not preserved any issues or has waived his arguments on appeal for failing to comply with Pennsylvania Rules of Appellate Procedure 906, 1925, and 2111, Pa.R.A.P. 906, 1925, and 2111. Specifically, Correct Care Solutions argues that Wilson has not preserved any issues on appeal because he neither served his Notice of Appeal upon the trial court nor filed a statement of errors complained of on appeal as required by Rules 906(a)(2) and 1925(b), respectively. Additionally, Correct Care Solutions argues that Wilson has waived his arguments on appeal because he did not comply with the briefing requirements of Rule 2111(a)(11), (b), and (d). We disagree. To start, Rule 906(a)(2) requires that an appellant serve copies of the notice of appeal upon "[t]he judge of the court below." Pa.R.A.P. 906(a)(2). "Failure to comply with these requirements is not, however, a fatal defect that requires dismissal of an appeal." *Fayette Res., Inc. v. Fayette Cnty. Bd of Assessment Appeals*, 107 A.3d 839, 844 n.2 (Pa. Cmwlth. 2014). Because the trial court ultimately received the Notice of Appeal and, subsequently, issued an order stating it would not file an opinion pursuant to Rule 1925(a) as the opinion accompanying the Order addressed the issues, we conclude dismissal of the appeal is not warranted on these grounds. Nor will we dismiss the appeal based on the lack of a 1925(b) statement because Wilson was not obligated to file a 1925(b) statement as the trial court did not order him to do so. *See Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1008 n.11 (Pa. 2010) (plurality opinion) ("[A]bsent an order by the trial court, an appellant has no obligation to file a Rule 1925(b) statement."). Finally, because Wilson's briefing errors as to Rule 2111 "do not substantially interfere with our review of the appellate record" or preclude meaningful review of the issues on appeal, we will address Wilson's arguments as to why the trial court erred in denying the Petition. *See Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 426 (Pa. Cmwlth. 2012).

made in the Complaint to determine whether Wilson's claims sound in professional or ordinary negligence. *See Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009). "This raises a question of law; therefore, our standard of review is *de novo*, and our scope of review is plenary." *Id.*

The Pennsylvania Rules of Civil Procedure provide specific rules that "govern a civil action in which a professional liability claim is asserted by or on behalf of a patient or client of the licensed professional against . . . a licensed professional," including dentists. Pennsylvania Rule of Civil Procedure 1042.1(a), (c)(1)(v), Pa.R.Civ.P. 1042.1(a), (c)(1)(v). One such rule is Rule 1042.3, which requires a plaintiff "[i]n any action based upon an allegation that a licensed professional deviated from an accepted professional standard" to file a certificate of merit representing that

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.Civ.P. 1042.3(a). In the case of a pro se plaintiff, "the party signing the certificate of merit shall, in addition to the other requirements of this [R]ule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2)." Pa.R.Civ.P. 1042.3(e).

"While merely filing suit against a professional does not require a certificate of merit, a suit against a professional for violation of a professional standard does." *Smart v. Dep't of Corr.* (Pa. Cmwlth., No. 631 C.D. 2017, filed June 27, 2018), slip op. at 17 (citation omitted; emphasis removed).[5] Accordingly, whether a certificate of merit is required depends on whether the complaint, in substance, sounds in professional or ordinary negligence. *See Merlini*, 980 A.2d at 506-07.

In professional and ordinary negligence cases alike, "the plaintiff must establish the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." *Id.* The difference between the two types of negligence is that professional negligence "deals primarily with the breach of a professional standard of care." *Id.* at 507. In the medical context, professional negligence deals with "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003). Because professional negligence "encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Id.* However, expert testimony "is not always necessary when the negligence is obvious or within a layperson's understanding." *Merlini*, 980 A.2d at 506. Thus, whether a claim sounds in professional or ordinary negligence depends on "(1) whether the claim pertains to an action that occurred

---

[5] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

7

within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience." *Grossman v. Barke*, 868 A.2d 561, 570 (Pa. Super. 2005) (citation omitted).[6] "If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions." *Id.* (citation omitted). Importantly, an action "predicated upon facts constituting 'medical treatment, that is, when it involves diagnosis, care and treatment by licensed professionals,'" meets the above criteria; therefore, such an action "must be characterized as a professional negligence action." *Yee v. Roberts*, 878 A.2d 906, 912 (Pa. Super. 2005) (citation omitted); *see also Smith v. Friends Hosp.*, 928 A.2d 1072, 1076 (Pa. Super. 2007) (holding a complaint did not allege professional negligence because "[n]othing in [the] complaint is predicated upon substandard medical treatment, that is, acts involving 'diagnosis, care and treatment by licensed processionals'").

Here, Wilson's claims against Dr. Trotta and Correct Care Solutions—the only remaining defendants in this case—are in the nature of professional negligence. Wilson alleges that during the course of providing services as a licensed dentist at SCI-Mahanoy, Dr. Trotta negligently delayed treating Wilson's cavities for over a year, resulting in the loss of three teeth. In turn, Wilson's claim against Correct Care Solutions is based on his claim against Dr. Trotta as Wilson alleges that Correct Care Solutions' policies, practices, and customs allowed Dr. Trotta to negligently delay Wilson's dental treatment. In other words, the Complaint is predicated upon Dr. Trotta's professional diagnosis, care, and treatment of Wilson's cavities. Indeed,

---

[6] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (citation omitted).

Wilson considered this action to be premised on professional dental services when he filed the Complaint, indicating on the civil cover sheet that the case is in the nature of dental professional liability. And Wilson later explained in the Petition that "the gist of the allegations of the Complaint is that [Appellees] failed to provide **professional** services to [alleviate his] dental pain for approximately one year." (Petition ¶ 8 (emphasis added).). Because the Complaint is premised on the professional dental relationship between Wilson and Dr. Trotta and the medical judgments of Dr. Trotta as to the treatment of Wilson's cavities, expert testimony is required to establish the applicable professional standard of care, whether Dr. Trotta breached this standard of care by allegedly delaying dental treatment, whether Dr. Trotta's actions caused Wilson's injuries, and the extent of Wilson's injuries. *See Toogood*, 824 A.2d at 1145; *Grossman*, 868 A.2d at 570. Therefore, the Complaint sounds in professional negligence against Dr. Trotta and Correct Care Solutions because the claims against both defendants are predicated upon the liability of Dr. Trotta in providing professional dental services. *See Toogood*, 824 A.2d at 1145; *Grossman*, 868 A.2d at 570; *Yee*, 878 A.2d at 912. Wilson thus needed to file a certificate of merit with the Complaint. Pa.R.Civ.P. 1042.3.

## III. CONCLUSION

In summary, Wilson's claims against Dr. Trotta and Correct Care Solutions are premised on a dentist-patient relationship and Dr. Trotta's duty of care within that professional relationship. Accordingly, the Court affirms the Order because the trial court did not err in denying the Petition as Wilson was required to file a certificate of merit pursuant to Rule 1042.3.

_____
RENÉE COHN JUBELIRER, President Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Wilson,                              :
                Appellant          :
                              :
           v.                         :    No. 409 C.D. 2024
                              :
Vanessa Nicola, Dr. Trotta, Correct       :
Care Solutions, Theresa Delbalso,         :
and John Wetzel                           :

# **O R D E R**

**NOW**, December 10, 2025, the January 10, 2024 Order of the Court of Common Pleas of Schuylkill County is **AFFIRMED**.

 

 

_____
RENÉE COHN JUBELIRER, President Judge