980 A.2d 502

**Mary Rose MERLINI, By and Through her Attorney–in–Fact Joseph P. MERLINI**

v.

**GALLITZIN WATER AUTHORITY, Hegemann and Wray Consulting Engineers, Kukurin Contracting, Inc.**

**Appeal of Hegemann and Wray Consulting Engineers.**

Supreme Court of Pennsylvania.

Argued Sept. 10, 2008.

Decided Sept. 30, 2009.

348

Jeffrey A. Kubay, Esq., Wayman, Irvin & McAuley, L.L.C., Pittsburgh, for Hegemann and Wray Consulting Engineers.

Patrick J. Fanelli, Esq., Andrews & Beard, Altoona, for Gallitzin Water Authority.

Thomas Joseph Jezewski, Esq., L. John Argento, Esq., Swartz Campbell, L.L.C., Pittsburgh, for Kukurin Contracting, Inc.

Frederick B. Gieg, Jr., Esq., Holtz & Reed, L.L.P., Altoona, for Mary Rose and Joseph P. Merlini.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

*OPINION*

Justice EAKIN.

In February, 2006, Mary Rose Merlini filed a complaint against appellant, Hegemann and Wray Consulting Engineers, Gallitzin Water Authority, and Kukurin Contracting, Inc., in the Court of Common Pleas, Cambria County, Pennsylvania. "She alleged that Kukurin, while working under the contract with Gallitzin and under the supervision and direction of [appellant], came upon her property bordering State Route 4001 in Cambria County and, without right-of-way, easement, or permission, constructed a water line on that property, impairing its use." *Merlini v. Gallitzin Water Authority*, 934 A.2d 100, 101 (Pa.Super.2007). Appellant filed preliminary objections, which were denied. Appellant then filed a praecipe for judgment of *non pros*, asserting Merlini alleged a professional liability claim but failed to file a certificate of merit within 60 days of filing her complaint, as required by Pa. R.C.P. 1042.3.[1] Judgment was entered in appellant's favor July 17, 2006.[2] On August 1, 2006, Merlini filed a petition to

---

1. Rule 1042.3 provides:

 In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

 (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

 (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

 (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

 *Id.*, 1042.3(a)(1)-(3).

2. Judgment was entered based on Pa.R.C.P. 1042.6, Entry of Judgment of Non Pros for Failure to File Certification, which states:

 The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of

open the judgment of *non pros*, arguing her cause of action sounded in ordinary negligence, not professional negligence; thus, no certificate of merit was required, and entry of the judgment of *non pros* was erroneous. Her petition was denied September 27, 2006. Merlini sought a determination of finality pursuant to Pa.R.A.P. 341(c),[3] regarding the September 27, 2006 order (it did not dispose of her claims against Gallitzin and Kukurin), and on December 12, 2006, the trial court obliged in an order. Merlini appealed, arguing the trial court erred in denying her petition to open the judgment of *non pros*.[4]

The Superior Court reversed, holding Merlini's allegations concerned ordinary negligence, not professional negligence; therefore, no certificate of merit was required to be filed with her complaint. *Merlini*, at 107. The court noted Merlini alleged appellant negligently trespassed on her property, and the duty at issue was one which any third party would owe a

 merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate. Pa.R.C.P. 1042.6(a) (amended as Pa.R.C.P. 1042.7).

**3.** Rule 341(c) provides:

 When more than one claim for relief is presented in an action . . ., or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

 *Id.*

**4.** Because the trial court failed to make a finality determination within 30 days of Merlini's request, her request was deemed denied by operation of law. *See* Pa.R.A.P. 341(c)(3) (unless trial court acts on application within 30 days of order, trial court shall no longer consider application, and it shall be deemed denied). However, the September 27, 2006 order was immediately appealable without a determination of finality because, pursuant to Pa.R.A.P. 311(a)(1), even if interlocutory, an order refusing to strike off a judgment of *non pros* is immediately appealable as of right. *See Merlini*, at 102 n. 2; *see also Krauss v. Claar*, 879 A.2d 302, 304 n. 4 (Pa.Super.2005), *appeal denied*, 586 Pa. 713, 889 A.2d 1217 (2005) (noting order denying motion to strike judgment of *non pros* appealable as of right).

property owner. Additionally, whether there was a breach of that duty did not require professional judgment, but only an understanding of the location of Merlini's property and of any applicable right-of-way or easements intersecting the installed water line. *Id.*, at 106.

■ We granted allowance of appeal to determine whether the Superior Court's holding was inconsistent with *Varner v. Classic Communities Corporation*, 890 A.2d 1068 (Pa.Super.2006), and whether the Superior Court erred in failing to apply the plain language of the Engineer, Land Surveyor, and Geologist Registration Laws, 63 P.S. § 148 *et seq. See Merlini v. Gallitzin Water Authority*, 597 Pa. 57, 950 A.2d 264 (2008). Our standard of review regarding the denial of a petition to open a judgment of *non pros* is whether the trial court abused its discretion. *See Sklar v. Harleysville Ins. Co.*, 526 Pa. 617, 587 A.2d 1386, 1387 (1991).

Appellant argues this is a professional negligence case because it was required to research and identify applicable records, plot the course of the water line, and determine the necessity of an easement from Merlini, or use an existing PennDOT right-of-way already on Merlini's property; thus, because the water line design and installation is governed by professional standards, it is beyond common knowledge and experience. Appellant also asserts the Superior Court erred because its decision was not in accord with *Varner*, which held the difference between a claim of ordinary negligence and professional negligence requires determining whether expert testimony is necessary for elucidation of the issue. *See Varner*, at 1074–75. Further, appellant alleges that notwithstanding the Superior Court's recognition of the need for expert testimony to interpret applicable state, county, and municipal records regarding property rights, it rendered a decision contrary to *Varner*. Appellant contends the Superior Court erred as a matter of law in concluding its professional services did not raise issues of professional judgment beyond the realm of common knowledge.

Finally, appellant argues the Superior Court erred in failing to apply the plain language of the Engineer, Land Surveyor and Geologist Registration Law. Appellant states the Act defines the practice of land surveying as "the practice of that branch of profession of engineering which involves the location [or] relocation, ... of any property line or boundary of any parcel of land or any road right-of-way, easement or alignment." Appellant's Brief, at 17 (quoting 63 P.S. § 149(d)). Appellant further argues the Act defines professional engineer and engineering land surveys such that Merlini's allegations against it clearly implicated professional, and not ordinary, judgment. Appellant contends because the Superior Court's opinion indicated its duty required an understanding of the location of Merlini's property and applicable right-of-way or easements, the knowledge was within the express purview of the engineering profession and is a branch of land surveying. Appellant asserts the Superior Court over-simplified the issue by stating, "Either a trespass occurred, or it did not." *Id.*, at 18 (quoting *Merlini,* at 106). Appellant argues a trespass only occurred if its professional judgment fell outside acceptable professional standards.

Merlini asserts an ordinary negligence case exists here because appellant had the same duty as any other third party regarding her property—to not come onto her land without an easement. Appellant breached its duty by instructing Kukurin to lay the water lines without an easement, thereby limiting Merlini's rights to use the surface above the lines, which resulted in a continuing trespass. Merlini contends appellant's negligence was its failure to hire a surveyor to plot her property, and because appellant is not a surveyor, a professional with that expertise was required. Merlini asserts whether appellant trespassed is within the ordinary knowledge and experience of laypersons, and determination of such actions does not require expert testimony.

*Merlini* also asserts appellant's reliance on *Varner* is misplaced because in *Varner* the plaintiff's cause of action was against an architect providing professional services in the construction of the plaintiff's townhouse, whereas here, appel-

lant's professional duties were to Gallitzin and Kukurin to oversee the water line installation; there was no professional duty owed to Merlini. Moreover, Merlini asserts appellant is an unincorporated association, which failed to register under the Professional Engineers Registration Law; therefore, it should not enjoy the protection of a licensed professional, which requires the filing of a certificate of merit.[5]

Initially, if a party seeks to open the judgment of *non pros*, the petition must allege facts indicating "the petition [was] timely-filed, . . . there is a reasonable explanation or legitimate excuse for the inactivity or delay, and . . . there is a meritorious cause of action." Pa.R.C.P. 3051(b). Here, Merlini's petition was timely filed, and this is a meritorious cause of action, so the question remains whether there was a legitimate excuse for the inactivity—the failure to file a certificate of merit. In order to determine whether Merlini asserted a liability theory sounding in professional or ordinary negligence, we must look to the specific averments made in her complaint. This raises a question of law; therefore, our standard of review is *de novo*, and our scope of review is plenary. See *Hospital and Healthsystem Association of Pennsylvania v. Department of Public Welfare*, 585 Pa. 106, 888 A.2d 601, 607 n. 12 (2005); *see also Ditch v. Waynesboro Hospital*, 917 A.2d 317, 321 (Pa.Super.2007).

5. Pennsylvania Rule of Civil Procedure 1042.1 was amended June 16, 2008. The amendment was effective immediately and provided the following:

(a) The rules of this chapter govern a civil action in which a professional liability claim is asserted by or on behalf of a patient or client of the licensed professional against;

(1) a licensed professional, and/or;

(2) a partnership, unincorporated association, corporation or similar entity where the entity is responsible for a licensed professional who deviated from an acceptable professional standard, and;

(b) A professional liability claim asserted against a licensed professional includes a claim for lack of informed consent.

Pa.R.C.P. 1042.1(a), (b). Despite the amendments, the prior version of the rule applies here because the judgment of *non pros* was entered July 17, 2006. Therefore, because the prior version of the rule did not include or cover unincorporated associations, as Merlini asserts, her argument was appropriately made before this Court.

 For a party to prevail in a negligence action, ordinary or professional, the elements are identical: the plaintiff must establish the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages. *Martin v. Evans*, 551 Pa. 496, 711 A.2d 458, 461 (1998). "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." *Id.* In *Grossman v. Barke*, 868 A.2d 561 (Pa.Super.2005), the Superior Court looked to the difference between ordinary negligence and professional medical malpractice. There, the court stated although the basic elements of both causes of action are the same, a medical malpractice claim is the "unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Grossman*, at 566 (quoting *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 573 Pa. 245, 824 A.2d 1140, 1145 (2003)). Thus, the most distinguishing feature of professional malpractice is the need for expert testimony to clarify complex issues for a jury of laypersons. *Id.; see also Dental Care Associates, Inc. v. Keller Engineers*, 954 A.2d 597, 601 (Pa.Super.2008). Although professional malpractice suits may require expert testimony, it is not always necessary when the negligence is obvious or within a layperson's understanding. *Grossman*, at 567.

Appellant asserts the Superior Court erred in its application of *Varner*; we disagree. *Varner* dealt with a professional liability claim against an architect who designed a townhouse, which rapidly burnt to the ground, killing the plaintiffs' mother. It was alleged the architect was "under a duty to abide by the BOCA Code [6] in the construction of the premises, but did not do so, especially with regard to the fire resistant materials provision...." *Varner*, at 1071. The *Varner* court originally

---

6. "Building Officials and Code Administrators International Inc., ... now known as the International Code Council, ... establish[ing] minimum performance requirements for all aspects of the construction industry." *Varner*, at 1071 n. 1.

noted regarding professional liability claims, and the need for a certificate of merit, "it is the substance of the complaint rather than its form which controls whether the claim against a professionally licensed defendant sounds in ordinary negligence or professional [negligence]." *Id.*, at 1074.[7] Ultimately, *Varner* held the cause of action filed against the architect sounded in professional negligence because it dealt directly with professional architectural services in the construction of the townhouse. Additionally, the court found the claims against the architect involved BOCA Code compliance, which was clearly beyond the realm of common knowledge and would require further explanation through expert testimony.

■ A complaint sounding in professional versus ordinary negligence deals primarily with the breach of a professional standard of care. *Id.*, at 1076; *see also Yee v. Roberts,* 878 A.2d 906, 910 (Pa.Super.2005); *Grossman.* This case is distinguishable from *Varner.* Here, Merlini never alleged appellant fell below a professional engineering standard, or any standard affiliated with consulting engineers; rather, she alleged ordinary negligence and trespass because appellant directed the installation of a water line on her property without a right-of-way, easement, or permission. *See* Original Record, Gallitzin Water Authority Complaint, at ¶ 4. It further alleged Kukurin's actions, while working under appellant's direction, constituted *trespass* and *negligence. Id.*, at ¶ 10 (emphasis added). The form and substance of Merlini's complaint alleged ordinary negligence. First, Merlini averred appellant had a duty to plot out any right-of-way necessary for the new water line or to assure Gallitzin no easement or right-of-way was needed. Original Record, Hegemann and Wray Consulting Engineers Complaint, at ¶ 18. Merlini asserted the right-of-way issue was brought to appellant's attention when it contacted Merlini to request permission to enter her property to locate an underground AT & T line. *Id.*, at ¶ 28. Appellant

7. Although this standard originated in the context of medical malpractice claims, the substance of the complaint shall control in other areas of professional liability actions as well. *See generally Zokaites Contracting Inc., v. Trant Corp.,* 968 A.2d 1282 (Pa.Super.2009); *Dental Care Associates Inc.; Varner.*

then directed or allowed Kukurin to install the water line without adequate investigation and without obtaining a permit. *Id.* Merlini claimed appellant's actions amounted to gross negligence and violated a duty to her, due to the utter disregard of her property rights. *Id.,* at ¶¶ 31, 34. Finally, Merlini's complaint asserted appellant violated its duty to adequately review state, county, and municipal records relevant to her property rights and the presence of a right-of-way. *Id.,* at ¶¶ 29–32.

The Superior Court determined Merlini's allegation sounded in ordinary negligence. We agree. As the Superior Court found, appellant's actions occurred while it performed professional services; however, the issue Merlini raised was not one of professional judgment beyond the scope of common knowledge and experience. Merlini asserted a claim of basic negligent trespass—this is not a breach of a duty owed by a professional, but a breach of a duty owed by any third party entering upon the property of another. As the Superior Court acknowledged, expert testimony may be required to clarify the property rights as established through state, county, and municipal records; however, once that factual issue is clarified, whether appellant trespassed will not require further expert elucidation. Therefore, the Superior Court did not err in its analysis and application of *Varner,* and we affirm its finding that Merlini did not assert a professional liability claim against appellant; thus, she was not required to file a certificate of merit in conjunction with her complaint.

Appellant next asserts the Superior Court overlooked the Act's plain language because Merlini's complaint as to appellant's duties, and the knowledge required to carry out such duties, implicates professional judgment. Further, appellant argues determining the location of Merlini's property line and the adjacent road right-of-way is land surveying, a branch of engineering, and the essence of Merlini's complaint regarding its duty was engineering/land surveying, a professional standard.

Merlini counters appellant did not register with the Pennsylvania Department of State as a professional corporation, a

registered professional partnership, or as a fictitious name; in fact, at the hearing, appellant's attorney referred to it as an unincorporated association. *See* N.T. Hearing, 9/6/06, at 11. Merlini also argues while David Hegemann is a licensed engineer, neither he nor Richard Wray are registered as surveyors under the Act; therefore, pursuant to Pa.R.C.P. 1042.1, prior to the June 16, 2008 amendment, appellant cannot enjoy the Act's protection of licensed professionals, and no certificate of merit should be required.[8]

As noted, Rule 1042.1 was amended, effective June 16, 2008. The note following the rule indicates "[t]he new and amended rules shall apply to all pending actions in which a judgment of non pros for failure to file a certificate of merit has not been entered by the effective date." Pa.R.C.P. 1042.1, Explanatory Comment—2008. The trial court entered the order granting judgment of *non pros* in this case July 17, 2006; thus, the pre-amendment version of the rule applies. Despite appellant's argument, as it relates to the Act's language and its alleged use of professional judgment, we have determined Merlini's complaint alleged ordinary negligence with regard to appellant's trespass upon her property. Despite the need for a land survey, which may require expert testimony because appellant is not an association composed of licensed land surveyors, once the right-of-way location is determined, a jury of laypersons could easily determine, without further guidance, whether appellant actually committed the trespass alleged.

For the foregoing reasons, we find Merlini's complaint sounded in ordinary negligence not requiring a certificate of merit be filed with the complaint. Accordingly, the order of the Superior Court is hereby affirmed.

Jurisdiction relinquished.

8. Regardless, serious doubt exists as to whether under the old rule a certificate of merit would even be required for allegations against an unincorporated association. However, that doubt was removed with the amendment to Rule 1042.1(a)(2), which now includes "a partnership, unincorporated association, corporation or similar entity where the entity is responsible for a licensed professional who deviated from an acceptable professional standard." Pa.R.C.P. 1042.1(a)(2).

Justice TODD did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, and Justice BAER and McCAFFERY and Justice GREENSPAN join this opinion.

Justice SAYLOR files a concurring opinion.

Justice SAYLOR, concurring.

I remain somewhat circumspect concerning the majority's pronouncement that Appellee's cause of action is meritorious, *see* Majority Opinion, at 353–54, 980 A.2d at 506, since the matter is outside the scope of the allocatur grant. *See Merlini v. Gallitzin Water Auth.*, 597 Pa. 57, 950 A.2d 264 (2008) (*per curiam*). Moreover, Appellee has not identified the specific line of authority suggesting direct liability of an engineer to a party impacted by a trespassing contractor acting pursuant to the engineer's specifications. Thus, I would refrain from commenting on the merits.

I also differ with the majority's conclusion that this is a pure "ordinary negligence" case. The majority describes Appellee's cause of action as one for "basic negligent trespass," explaining "this is not a breach of duty owed by a professional, but a breach of a duty owed by any third party entering upon the property of another." Majority Opinion, at 356, 980 A.2d at 507. The difficulty with this analysis is that Appellant is not alleged to have entered on the property of another, and thus, the action against Appellant is not one of "basic negligent trespass." Rather, the critical averments of the complaint pertaining to the claim against Appellant are that:

> [Appellant] is the engineering firm that were [sic] the engineers for the Water System Improvements relating to the water line installed by Kukurin Contracting, Inc. for the Gallitzin Water Authority.

> It is believed and therefore averred that [Appellant] had a duty to plot out any right of way needed to lay out the new water line or to assure the Gallitzin Water Authority no such easement or right of way was needed.

It is believed and therefore averred that [Appellant] negligently researched the right of way along S.R. 4001.

Complaint at ¶¶ 17–19. In my view, Appellees' theory of liability on the part of Appellant, as a third party to the alleged trespass, necessarily entails an examination of Appellant's professional services. At a minimum, I believe the action reasonably could be regarded at least as a quasi-professional liability action.

At the margins, the "ordinary" versus "professional" negligence cases entail a fair amount of line drawing in and of themselves, and the unique nature of the liability asserted in the present third-party scenario creates additional conceptual difficulties. Furthermore, as Appellants argue, the Civil Procedural Rules require that a certificate of merit speak to both the relevant professional standards *and* causation, *see* Pa. R.Civ.P. No. 1042.3(a)(1), and I believe Appellants advance a substantial argument that the determination of causation (entailing, *inter alia,* the "clarif[ication of] the property rights as established through state, county, and municipal records," Majority Opinion, at 356, 980 A.2d at 507, as well as a review of Appellant's project specifications) would implicate a certificate, assuming all other conditions were met.

Ultimately, I join the majority's holding because I believe our rules were not sufficiently definite concerning whether the certificate of merit requirement pertained in an action against an unlicensed entity and/or in the discrete third-party (or quasi-professional liability) scenario. Thus, I believe the benefit of the doubt should be afforded to the plaintiff where a restrictive rule lacks certainty and definiteness. *See generally* Pa.R.Civ.P. No. 126 ("The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable."). Notably, as the parties discuss, the rules have been amended to eliminate the relevant uncertainties. *See* Pa.R.Civ.P. Nos. 1042.1(a) ("The rules of this chapter govern a civil action in which a professional liability claim is asserted *by or on behalf of a patient or client of the licensed professional ...*" (emphasis added)), 1042.1(a)(2) (providing that the rules apply in

actions against partnerships, unincorporated associations, corporations, or similar entities where the entity is responsible for a licensed professional who deviated from an acceptable professional standard).