## Tricome v. Welch

84

C.P. of Montgomery County, no. 09-19448.

*Francis X. Clark,* for plaintiff.
*John J. O'Brien III,* for defendants.

DEMCHICK-ALLOY, *J.,* August 20, 2010—Plaintiff appeals from this court's order filed August 5, 2010, which sustained defendants' preliminary objections in the nature of a demurrer and dismissed plaintiff's amended

complaint with prejudice.

## FACTS

Plaintiff commenced the instant action by filing a complaint purporting to state a single claim styled as "libel." Defendants filed a pleading styled as "defendants' preliminary objections to amended complaint," which objected to jurisdiction and service, purported to raise the affirmative defense of the statute of limitations, and demurred to all of the claims in the amended complaint. Plaintiff responded by filing an amended complaint. The amended complaint is substantially similar to the original complaint, the main differences being that the amended complain added paragraphs pertaining to service and venue, a lengthy quotation of an allegedly defamatory communication about plaintiff, and four additional claims based upon substantially the same facts.

Plaintiff's amended complaint avers that he bought defective goods from defendants. When he tried to return the goods, he was dissatisfied with defendants' conduct in accepting the return and filed a complaint with the Better Business Bureau. The amended complaint states that "[i]n the defendants' response to the BBB complaint, not only did they lie about what happened, they libeled plaintiff." (amended complaint, ¶ 22.) This averment is identical to the averment made in paragraph twelve of the original complaint, except that the amended complaint substitutes "plaintiff" for "Tricome." The amended complaint does not further describe the alleged communication by defendants to the Better Business Bureau.

The amended complaint then alleges: "plaintiff has found recently that a few people have libeled him. One is by the defendants...." (amended complaint, ¶ 26.) Paragraph

twenty-six of the amended complaint is substantially similar to paragraph sixteen of the original complaint, the main difference being that paragraph twenty-six quotes the alleged statement by the defendants:

> This guy is a crackpot. I am an online merchant who recently conducted business with this man. This man advised, for no apparent reason when placing an order, that he had recently "SOLD" a successful online business which was built on offering superior customer service. In another "tid-bit" of his stories, he commented that he was in the middle of a huge lawsuit with the SEC. Somehow, I sensed on meeting this man on the telephone that something was "very very wrong with this man." My instinct said throw this one back into the sea—he is not a keeper.
>
> Well, apparently this man had a problem with his purchase and became extremely aggressive about needing to return his item. This is not a problem, it was the methods. Received several emails about threatening law suits, suing for damages, etc. All I can say is this man apparently has a history of making frivolous legal claims—these folks are out there. We must be hopeful that by logging our experience here may [sic] allow someone else to use this information to decide to "watch out!"

(Amended complaint, ¶ 26.)

Plaintiff's amended complaint pleads five counts. Count I is styled as "fraud," but the amended complaint does not aver that defendant induced plaintiff to rely on a false representation to his detriment. Count II is styled as "breach of contract," but the amended complaint does not aver the existence of a contract, including

its essential terms, a breach of a duty imposed by the contract, or damages caused by the breach. Count III is styled as "negligence" and count V is styled as "gross negligence," but the amended complaint does not plead facts establishing that defendants owed plaintiff any duty of care, that defendants breached the duty of care, or that the breach proximately caused injury to plaintiff. Count IV is styled as "slander/libel and defamation," but the amended complaint does not plead facts establishing all of the elements of an action for defamation as set forth in 42 Pa.C.S. § 8343(a)(1)-(6).

Defendants filed a pleading styled as "defendants' preliminary objections to amended complaint," which was virtually identical to the objections lodged against the original complaint. By order filed August 5, 2010, this court sustained the demurrers and dismissed plaintiff's amended complaint with prejudice. The instant appeal followed.

## DISCUSSION

When deciding a demurrer, all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts are accepted as true. *Krentz v. Consolidated Rail Corp.*, 589 Pa. 576, 586, 910 A.2d 20, 26 (Pa. 2006). The pleadings and inferences drawn from the pleadings must be construed in the light most favorable to the party against whom the demurrer was filed. *Smith v. Brink*, 561 A.2d 1253, 1254-1255 (Pa. Super. Ct. 1989).

Count I of the amended complaint is styled "fraud." The elements of a claim for intentional or fraudulent misrepresentation are: (1) A representation; (2) which is material to a transaction between the parties; (3) made falsely, with knowledge of its falsity or recklessness as to

88

whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) proximate causation of injury. *David Pflumm Paving & Excavating, Inc. v. Foundation Services Co.*, 816 A.2d 1164, 1171 (Pa. Super. Ct. 2003). The amended complaint avers no facts to establish any of these elements, and therefore this court did not err by sustaining defendants' demurrer to count I.

Count II of the amended complaint is styled as "breach of contract." The elements of a claim for breach of contract are the existence of a contract, including its essential terms, a breach of a duty imposed by the contract, and damages caused by the breach. *Pennsy Supply, Inc. v. American Ash Recycling Corp.*, 895 A.2d 595, 600 (Pa. Super. Ct. 2006). The amended complaint avers no facts to establish any of these elements, and therefore this court did not err by sustaining defendants' demurrer to count II.

Count III of the amended complaint is styled as "negligence" and count V is styled as "gross negligence." The elements of a claim for negligence are: a duty of care owed by the defendant to the plaintiff; a breach of that duty; and proximate cause of injury to the plaintiff. *Merlini v. Gallitzin Water Authority*, 602 Pa. 346, 354, 980 A.2d 502, 506 (Pa. 2009). The amended complaint avers no facts to establish any of these elements, and therefore this court did not err by sustaining defendants' demurrer to counts III and V.

Count IV of the amended complaint is styled as "slander/libel and defamation." The elements of a claim for defamation are established by 42 Pa.C.S. § 8343(a) (1)-(6). A complaint asserting a claim for defamation must plead facts supporting each of those elements. *Smith*

*v. Wagner*, 588 A.2d 1308, 1311 (Pa. Super. Ct. 1991). Subsection (a)(1) requires plaintiff to aver facts that show the defamatory character of the communication at issue. 42 Pa.C.S. § 8343(a)(1). The allegation in paragraph 21, that defendants lied in a communication to the Better Business Bureau, does not show that the alleged lie was defamatory. "It is the function of the court to determine whether the challenged publication is capable of a defamatory meaning." *Thomas Merton Center v. Rockwell Intern. Corp.*, 497 Pa. 460, 463, 442 A.2d 213, 215 (Pa. 1981). To be defamatory, a communication must tend to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Id.* A lie may or may not be defamatory, hence the amended complaint does not satisfy the burden of pleading facts that show the defamatory character of the communication to the Better Business Bureau.

With regard to the communication quoted in paragraph twenty-six of the amended complaint, this court assumes, arguendo, that plaintiff could prove defendants published it, even though the amended complaint admits that it was published anonymously. Subsection 42 Pa.C.S. § 8343(a)(3) requires plaintiff to aver facts that show that the allegedly defamatory statement referred to him. The quoted remarks nowhere identify plaintiff either expressly or by reasonable implication.

When disposing of preliminary objections in the nature of a demurrer, the trial court must grant the plaintiff an opportunity to amend the complaint to cure the defect if "there is some reasonable possibility that amendment can be accomplished successfully." *Carlino v. Whitpain Investors*, 499 Pa. 498, 505,453 A.2d 1385, 1388 (1982).

90

If "allowance of an amendment would, however, be a futile exercise, the complaint may properly be dismissed without allowance for amendment." *Id.* In this case, allowance of further amendment would have been a futile exercise. The claim for libel in amended complaint did nothing to cure the defect in the claim for libel in the original complaint. Moreover, the amended complaint added four new claims that were deficient as a matter of law. Plaintiff has been given two opportunities to plead facts establishing a prima facie claim against defendants, and the evolution of his pleadings gives no reason to believe that a third opportunity would yield a different result.

## CONCLUSION

Upon consideration of the foregoing discussion, the undersigned respectfully submits that the order filed August 5, 2010 should be affirmed.