J-S24031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LISA A. AND KEVIN BARRON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ALLIED PROPERTIES, INC. AND COLONNADE, LLC, AND MAXWELL TRUCKING & EXCAVATING | |
| Appellees | No. 1638 MDA 2015 |

Appeal from the Order Entered August 24, 2015
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2013-03544

BEFORE: GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED MARCH 23, 2016**

Appellants, Lisa A. Barron and Kevin Barron, appeal from the order entered in the Centre County Court of Common Pleas, granting summary judgment in favor of Appellees, Allied Properties, Inc., Colonnade, LLC, and Maxwell Trucking & Excavating. We affirm.

The relevant facts and procedural history of this case are as follows. On the afternoon of October 29, 2011, Appellants and their son went to the Dick's Sporting Goods store located at the Colonnade shopping center in State College, Pennsylvania, to purchase a jacket. A snowstorm had occurred in the area earlier that day. Appellant Mr. Barron drove the family's minivan to the curb in front of the store, where Appellant Ms. Barron and her son exited the vehicle. Appellant Ms. Barron followed her son

around the minivan onto a snow-covered sidewalk that led to the store entrance. While walking on the sidewalk, Appellant Ms. Barron slipped and fell.

Appellants filed a complaint in negligence on September 9, 2013. On July 20, 2015, Appellees Allied Properties, Inc., and Colonnade, LLC, filed a motion for summary judgment. Appellee Maxwell Trucking & Excavating filed a motion for summary judgment on July 21, 2015. The court granted summary judgment in favor of all Appellees on August 25, 2015. Appellants filed a timely notice of appeal on September 22, 2015. The court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellants timely complied.

Appellants raise the following issues for our review:

> DID THE HONORABLE TRIAL COURT ERR IN FINDING THAT [APPELLEES] DID NOT OWE A DUTY TO [APPELLANT MS. BARRON] TO PROTECT FROM A DANGEROUS CONDITION BECAUSE THE ALLEGED DANGEROUS CONDITION WAS OBVIOUS AND AS A RESULT [APPELLANT MS. BARRON] ASSUMED THE RISK OF SAID CONDITION WHEN TRAVERSING SAME?

> DID THE HONORABLE TRIAL COURT ERR IN FINDING THAT NO ACTUAL EVIDENCE WAS PRESENTED THAT SNOW AND ICE HAD ACCUMULATED IN RIDGES OR ELEVATIONS AS TO UNREASONABLY OBSTRUCT TRAVEL?

> DID THE HONORABLE TRIAL COURT ERR BY FAILING TO CONSIDER EVIDENCE THAT [APPELLEES] WERE AWARE OF THE DANGEROUS CONDITIONS AND FAILED TO REMEDY SAID CONDITIONS PRIOR TO [APPELLANT MS. BARRON'S] FALL?

> DID THE HONORABLE TRIAL COURT ERR IN GRANTING

> SUMMARY JUDGMENT AS A MATTER OF LAW AS THERE
> EXIST[] GENUINE ISSUES OF MATERIAL FACT TO BE
> DECIDED BY THE FACT-FINDER?

(Appellants' Brief at 3).

In their issues combined, Appellants argue Appellees had a duty to protect Appellant Ms. Barron from the alleged dangerous condition of snow and ice on the shopping center property. Appellants contend the condition was not open and obvious because part of the sidewalk was at an angle and cuts in the sidewalk underneath the snow allowed ice to form. Appellants assert the snow and ice had accumulated in ridges and elevations that unreasonably obstructed travel. Appellants claim the court disregarded photographic evidence showing a ramped area of the sidewalk and cuts in the concrete, which would have allowed the natural creation of hills and ridges of ice and snow. Appellants maintain Appellees had actual and constructive notice of the alleged dangerous condition and failed to take precautionary or remedial measures prior to Appellant Ms. Barron's fall. Appellants conclude the trial court erred in granting summary judgment because genuine issues of material fact exist. We disagree.

Our standard of review with respect to a trial court's grant of summary judgment is as follows:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

> Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

To prevail in a negligence action, a plaintiff must establish the defendant "owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." *Merlini ex rel. Merlini v. Gallitzin Water Authority*, 602 Pa. 346, 354, 980 A.2d 502, 506 (2009). A land possessor is liable for

- 4 -

physical harm caused to an invitee only if the following conditions are satisfied:

> [The land possessor] knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the invitee[s] will not realize it or will fail to protect themselves against it, and the party fails to exercise reasonable care to protect the invitees against the danger.

*Estate of Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa.Super. 1997), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997) (citation omitted).  The "mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." *Myers v. Penn Traffic Co.*, 606 A.2d 926, 928 (Pa.Super. 1992) (*en banc*), *appeal denied*, 533 Pa. 625, 620 A.2d 491 (1993).

"There is no absolute duty on the part of a landowner to keep his premises and sidewalks free from snow and ice at all times." *Rinaldi v. Levine*, 406 Pa. 74, 78, 176 A.2d 623, 625 (1962).  "There is no liability created by a general slippery condition on sidewalks.  It must appear that there were dangerous conditions due to ridges or elevations which were allowed to remain for an unreasonable length of time, or were created by defendant's antecedent negligence." *Id.*  This Court has summarized "the doctrine of hills and ridges" as follows:

> This doctrine provides that an owner or occupier of land is

- 5 -

not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. Snow and ice upon a pavement create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition. In order to recover for a fall on an ice- or snow-covered sidewalk, a plaintiff must prove

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Gilligan v. Villanova University*, 584 A.2d 1005, 1007 (Pa.Super. 1991)

(citations omitted). "Absent proof of **all** such facts, [a] plaintiff has no basis

for recovery." *Rinaldi, supra* at 79, 176 A.2d at 626 (emphasis in original).

Instantly, the court reasoned as follows:

> The evidence in this case establishes that on the date and at the time that [Appellant Ms. Barron] alleges that she fell[,] there was a generally slippery condition throughout the local community which was a direct result of natural accumulation that occurred overnight and earlier that same day. No actual evidence has been presented that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel. [Appellant] admits that the area in which she allegedly fell consisted of only flat and level snow. The scenario presented in this case, and the evidence in support thereof, goes to the heart of the policy behind the "hills and ridges" doctrine. The [c]ourt cannot require [Appellees] to subscribe to the impossible burden that their sidewalks always be free and clear of ice and snow because of the climatic conditions in this hemisphere.

- 6 -

(Trial Court Opinion, filed August 25, 2015, at 7-8.) The record supports the court's analysis. Evidence of a recent snowstorm established the existence of generally slippery conditions in the community at the time of the incident. Appellants were aware of the snowstorm and freshly fallen snow. Appellants' claim that hills and ridges of snow and/or ice had accumulated on the sidewalk was negated by Appellant Ms. Barron's own testimony[1] that all she observed was three to five inches of "flat, level snow." Appellant Ms. Barron further testified that it "felt" like she had slipped on snow and ice but gave no description of the alleged ice. Appellants' photographic evidence failed to create a genuine issue of material fact. The photographs did not show the actual condition of the sidewalk and snow at the time Appellant Ms. Barron fell. Rather, they showed the snow- and ice-free sidewalk eight months after the incident. Therefore, the court properly determined Appellants failed to produce sufficient evidence to satisfy the first prong of the hills and ridges doctrine. *See Gilligan, supra*; *Rinaldi, supra*.

---

[1] We observe generally that the rule of *Borough of Nanty-Glo v. American Surety Co. of New York*, 309 Pa. 236, 163 A. 523 (1932) prohibits summary judgment "where the moving party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact **except** where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witness." *First Philson Bank, N.A. v. Hartford Fire Ins. Co.*, 727 A.2d 584, 587 (Pa.Super. 1999) (emphasis added). *See also Lineberger v. Wyeth*, 894 A.2d 141, 149 (Pa.Super. 2006) (stating appellant's own witness' deposition testimony can be used in summary judgment proceedings under *Nanty-Glo* exception).

Consequently, regardless of whether the allegedly hazardous condition was open and obvious or Appellees had notice of it, Appellants are not entitled to relief. **See Rinaldi, supra**; **Gilligan, supra**. Based on the foregoing, the court properly entered summary judgment in favor of Appellees. Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2016