J-A09002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAMES P. PERRY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOOSE VENTURES, LLC AND J'S | : | No. 859 WDA 2023 |
| PLACE INCORPORATED | : | |

Appeal from the Order Entered July 11, 2023
In the Court of Common Pleas of McKean County Civil Division at No(s):
28-CD-2021

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: May 1, 2024**

Appellant, James P. Perry, appeals from the July 11, 2023 order entered in the McKean County Court of Common Pleas granting the motions for summary judgment filed by Appellees, Moose Ventures, LLC ("Moose Ventures) and J's Place Incorporated ("J's Place") (collectively, "Appellees"). After careful review, we affirm.

The relevant facts and procedural history are as follows.  On February 22, 2019, Appellant was injured when he slipped and fell on snow and ice while traversing an alley located between a building owned by Moose Ventures and one owned by J's Place (the "Alley").

On January 19, 2021, Appellant filed a two-count complaint alleging claims of negligence against Appellees.  Appellees filed answers, new matter, and cross-claims.

After the completion of discovery, on September 28, 2022, and November 23, 2022, Moose Ventures and J's Place, respectively, filed motions for summary judgment. Appellees alleged that, as a threshold matter, Appellant failed to adduce any evidence that Appellees owned the Alley in which Appellant fell or that, as landowners of property adjacent to the Alley, Appellees had any duty to maintain it, or had any duty to ensure or make safe its condition.[1]

Moose Ventures attached as an exhibit to its motion the deed by which it acquired title to its property, which established that the northern boundary of the Alley formed the southern boundary of Moose Ventures' parcel. In other words, the Alley is adjacent to Moose Ventures' property. Moose Ventures also attached a July 18, 2019 survey of the property clearly depicting the Alley as not part of Moose Venture's parcel. Similarly, J's Place also attached to its motion for summary judgment its deed to the property, as well as a portion of real estate assessment map showing that J's Place's property is separate and distinct from the Alley.

_____

[1] J's Place also argued that, even if J's Place owed a duty to Appellant by virtue of owning or possessing the Alley, the doctrine of "hills and ridges" precluded Appellant's recovery. The "hills and ridges" doctrine protects an owner or occupier from liability for generally slippery conditions resulting from ice and snow if the owner has not permitted the ice and snow to accumulate unreasonably into ridges or elevations. **See generally Harmotta v. Bender**, 601 A.2d 837, 841-42 (Pa. Super. 1992) (reviewing the "hills and ridges" doctrine). Since the record is clear that neither Moose Ventures nor J's Place owned or possessed the Alley, we need not address this issue.

Appellant filed responses to both motions for summary judgment. With respect to Moose Ventures, Appellant asserted that a genuine issue of material fact existed as to whether Moose Ventures owned, possessed, and/or controlled the portion of the Alley where Appellant fell. Appellant based its claim that Moose Ventures "possessed" the Alley on a January 22, 2021 letter from Moose Ventures in which Moose Ventures advised Appellant that he had no right to be in or on the Alley and that Moose Ventures would pursue legal action against Appellant for trespass if he entered the Alley. Appellant argued that this demonstrated that Moose Ventures owned or possessed the Alley. Appellant also claimed that Moose Ventures "unreasonably and unnecessarily increased water runoff [into the Alley] which resulted in a risk of harm when the water froze." Brief in Opposition to [] Moose Ventures['] Motion for Summary Judgment, 10/24/22, at 4 (unpaginated).

In further support of his claim that a genuine issue of material fact existed, Appellant also cited his own deposition testimony that: (1) Moose Ventures knew or should have known to maintain its premises because "lots of individuals use the [A]lley as it is a shortcut[;]" (2) he recalls someone maintaining the [A]lley by Moose Ventures; and (3) someone told him that Moose Ventures was responsible for the [A]lley. *Id.* at 4-5.

In response to J's Place's motion for summary judgment, Appellant claimed that the facts showed that J's Place possessed, occupied, and/or exercised control over the Alley on a constant and consistent basis. Appellant pointed to J's Place's discovery responses, which indicated that J's Place

provided maintenance to the Alley during the winter months by inspecting for and clearing snow and ice if it accumulated and that J's Place never contracted with anyone to perform snow removal in the Alley. Appellant asserted that J's Place's use of the Alley was more than "mere use," because J's Place undertook the above maintenance and the only way to travel between its building and its garage was by way of the Alley. Appellant, thus, concluded that J's Place was a possessor of the Alley and, as such, knew or should have known of the dangerous conditions in the Alley on the day of Appellant's fall and that Appellant would not discover or realize the danger of walking in the Alley.[2]

Following consideration of the motions for summary judgment and Appellant's responses thereto, the trial court found that the competent evidence of record clearly demonstrated that neither Moose Ventures nor J's Place had any ownership or possessory interest in the Alley in general or the area where Appellant fell in particular. The court also concluded that neither Moose Ventures nor J's Place had any duty to maintain the Alley and, therefore, could not have breached any duty owed to Appellant. Accordingly, the trial court entered an order granting Appellees' motions for summary judgment.

_____

[2] Appellant also challenged J's Place's contention that the doctrine of "hills and ridges" precluded Appellant's recovery.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

Appellant raises the following issue on appeal:

Whether the trial court erred/abused its discretion when it granted [Appellees'] motion for summary judgment when the record contains sufficient evidence that Appellees[]:

a. owned or possessed the [A]lley where [Appellant] fell;

b. owed a duty to [Appellant] to maintain the [A]lley in a safe condition or to warn [Appellant] of any dangerous condition in the [A]lley; and

c. had constructive or actual notice of the conditions in the [A]lley over which [Appellant] walked or unreasonably permitted an accumulation of snow or ice to exist?

Appellant's Brief at 6.

## A.

Appellant challenges the trial court's order granting Appellees' motions for summary judgment. Our Supreme Court has clarified our role as the appellate court as follows:

On appellate review [ ], an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

---

[3] On October 2, 2023, the trial court filed a Rule 1925(a) opinion in which it directed this Court to its July 11, 2023 opinion for an explanation of its reasons for granting Appellees' motions for summary judgment.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citation and quotation omitted); *see also* Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Summers*, 997 A.2d at 1159. "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." *Id.* (citation and internal quotation marks omitted).

**B.**

Appellant asserts that the trial court erred in granting summary judgment in favor of Appellees because genuine issues of material fact exist as to whether Appellees owned or possessed the Alley in which Appellant fell, what duty, if any, they owed to Appellant, and the applicability of the "hills and ridges" doctrine. Appellant's Brief at 13-20.

To prove a negligence claim, a plaintiff must demonstrate that "the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss

or damages." ***Merlini v. Gallitzin Water Auth.***, 980 A.2d 502, 506 (Pa. 2009).

An owner or possessor of land owes a duty to invitees onto his land to maintain the land in a reasonably safe condition. ***Brown v. City of Oil City***, 294 A.3d 413, 434 (Pa. 2023). ***See*** Restatement (Second) of Torts § 342 (explaining that "[a] **possessor** of land is subject to liability for physical harm caused to licensees by a condition on the land if" certain conditions are met.) (emphasis added). Simply, ownership or possession of land is a prerequisite to the imposition of liability for physical harm arising from a condition on the land.

With respect to the trial court's determination that Appellees did not own or possess the Alley, Appellant argues, without citation to any authority, that the trial court's "extreme and/or complete reliance on the deed and map provided by [Moose Ventures] was improper/incorrect." Appellant's Brief at 13. Appellant also argues that, in relying on documents submitted by Appellees that showed the boundaries of their parcels and the Alley, the court "failed to consider that all parcels of land exist in relation to the parcels surrounding them, and based on deed descriptions, may have overlaps or gaps between parcels." ***Id.*** at 13-14. We highlight, however, that Appellant failed to provide any legal authority to support its contention that these facts establish that Moose Ventures possessed the Alley and, thus, had a duty to Appellant.

With respect to J's Place, and again without citation to any case law, Appellant asserts that by J's Place's alleged use and maintenance of the Alley, specifically during winter months, J's Place clearly showed its intent to control and/or possess the Alley. *Id.* at 15. Appellant, thus, concludes that J's Place's actions gave rise to a duty to exercise reasonable care to make the area safe or to warn Appellant about dangerous conditions in the Alley. *Id.*

The Honorable Richard A. Masson has authored a comprehensive, thorough, and well-reasoned opinion, including a discussion of relevant case law, to explain why the trial court concluded that Appellees did not own or possess the Alley and, thus, neither Appellee owed Appellant any legal duty. *See* Trial Ct. Op., 7/11/23, at 7-8 (concluding that: (1) based on the recorded property deeds, property surveys, and real estate assessment maps, that Appellant "adduced no competent evidence to establish either [Appellant] possessed any record title to the [A]lley"; and (2) that the February 22, 2019 "no trespass" letter "does not remotely suffice in terms of proof of an ownership interest in or maintenance responsibility for the [A]lley."). After a thorough review of the record, the briefs of the parties, and the trial court's opinion, we discern no abuse of discretion or error of law in the court's conclusion that no genuine issue of material fact "exist in the record that would

permit this case to move forward[.]" *Id.* at 10.[4] We, thus, affirm on the basis of **this portion** of the trial court's July 11, 2023 opinion.

Order affirmed. Appellant is directed to annex a copy of the trial court's July 11, 2023 opinion to any future filings.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/1/2024

---

[4] In light of our conclusion that the trial court properly found that Appellees were not the owners or possessors of the Alley, we need not address Appellant's argument pertaining to the "hills and ridges" doctrine, which, as explained above, protects an **owner** or **occupier** from liability for generally slippery conditions resulting from ice and snow if the owner has not permitted the ice and snow to accumulate unreasonably into ridges or elevations.